McNULTY v. COLLINS.

The court adhere to the decision made in Muldrow v. Tappan, (6 Mo. R. 276,) that the declaration, in assumpsit, must aver a *promise* on the part of the defendant, and that the defect is not cured by verdict.

Appeal from St. Louis Circuit Court.

*Geyer for Appellant.*

The appellant insists that the judgment is erroneous, for the reasons assigned in arrest of judgment.

1st. The instrument of writing sued upon, as described in the declaration, does not impart a consideration.

2d. The instrument as described in the declaration, is but a written agreement, and a consideration must be averred and proved in order to sustain an action upon it.

3d. The declaration is insufficient, in that it alleges no promises by the defendant, nor any consideration for the agreement.

In declaring upon a contract not under seal, the consideration must be alleged and truly, except in suits upon instruments, which import a consideration. 1 Chitty, 261. It is clear that the instrument described in the declaration is not a promissory note within the Statute of Ann. See Bayley on Bills, p. 9, and notes of cases there cited. If it be supposed that an acknowledgment of indebtedness on the face of the instrument implies a promise to pay the plaintiff, and that the instrument is, therefore, within the first section of the act concerning bonds and notes. Still it is not described as such, nor is any promise whatever alleged. 1 Chitty, 266; 6 Mo. R. 276, Muldrow v. Tappan et al.

*Opinion of the Court by Napton, Judge.*

This was an action of assumpsit brought by Charles Collins, against the appellant. The declaration alleged that on the 17th July, 1838, the appellant made his certain instrument of writing of that date, and thereby acknowledged

MAY TERM, 1841.

McNulty
v.
Collins.

The court adhere to the decision made in Muldrow v. Tappan, (6 Mo. R. 276,) that the declaration, in assumpsit, must aver a *promise* on the part of the defendant, & that the defect is not cured by verdict.

there was due from him to plaintiff the sum of nineteen hundred dollars, &c., payable in soap and candles, at the St. Louis market prices, for value received, which said instrument is dated at the day and year aforesaid, &c. And said plaintiff states that he has demanded said sum of money in soap and candles, according to the tenor and effect of said instrument from said defendant, but the said defendant has never paid, &c., to the damage, &c.

To this action defendant pleaded non-assumpsit and no consideration. Upon the issues tried, the verdict was for the plaintiff, and defendant moved in arrest of judgment, which motion was overruled. Whereupon defendant appealed. Various objections are taken to the declaration. It is needless to notice but one, which is sufficiently obvious. No *promise* is averred. This was held a fatal objection upon a motion in arrest, in the case of Muldrow v. Tappan and others. 6 Mo. Rep. p. —.

Judgment reversed.