ANDREWS, Respondent, v. LYNCH, Appellant.

1. The objection that a petition does not state facts sufficient to constitute a cause of action is not waived by a failure to take same by demurrer or answer.
2. A petition alleging that the plaintiff delivered a slave belonging to him to the defendant for safe keeping, he agreeing to pay defendant a certain sum per day; that said slave had never been delivered by defendant to plaintiff, although plaintiff had demanded said slave from him, is defective; it alleges no contract to re-deliver, no conversion of the slave by defendant, no loss through the negligence of defendant.

*Appeal from St. Louis Circuit Court.*

The petition in this case is as follows: "Plaintiff states that he was the owner of a slave named David, aged about twenty-three years, a slave for life and dark copper color; that heretofore, to-wit, on the 31st day of October, 1854, the plaintiff delivered said slave to the defendant for safe keeping, and for which the plaintiff agreed to pay the defendant thirty cents per day, including the board of said slave; that said slave has never been delivered by said defendant to the plaintiff, although the plaintiff in November, 1854, demanded said slave from the defendant and the defendant refused and neglected to comply with said demand; and said defendant has ever since and does yet refuse and neglect to deliver said slave to the plaintiff; that said slave was worth $1,200 in cash, and his hire per month $25, making in all the sum of $1,500, in which sum the plaintiff says the defendant is indebted to him, and for which," &c.

The following are the only instructions given to the jury, given at the instance of the defendant: " 1. If the defendant used in keeping the plaintiff's negro that amount of care which persons of ordinary prudence in their business ordinarily take of their own property, and, notwithstanding, the slave escaped, the defendant is not liable, and the burden is on the plaintiff to show that defendant did not use such care. 2. If the jury find from the evidence that the plaintiff's slave escaped from defendant's premises, he can not recover unless the escape was through the negligence of the defendant or his servants, and the burden of proof is on the plaintiff to show that said slave escaped by means of such negligence, and in the absence of such showing the jury ought to find for the defendant." The following instruction asked by defendant was refused: " 3. If the plaintiff's agent who caused the negro mentioned in the petition to be placed in the defendant's possession knew before the 31st of October, 1854, that a negro boy belonging to the defendant watched at the outer door, and opened the same to admit persons, he can not in this place complain that the defendant was guilty of any negligence in permitting said negro boy to watch at the front door and to manage the key thereof." Instructions asked by plaintiff were refused.

The jury found for plaintiff.

*S. T. & A. D. Glover* and *Hannegan,* for appellant.

I. There was a total want of proof on the question of negligence.

II. The court erred in refusing the third instruction. (Sto. on Bail. § 74; 13 Ala. 588; 38 Maine, 55; 10 Mo. 568.)

III. There is no averment of negligence in the petition. The law of bailments was construed throughout on the same rules that apply to inanimate property. This was incorrect. (See 2 Pet. 150; 3 Johns. 170; 4 Mart. 55; 2 Wheat. 100; 10 Mo. 568.) The petition was defective.

*Shreve,* for respondent.

NAPTON, Judge, delivered the opinion of the court.

This case was submitted to the jury upon instructions asked by the defendant, and the verdict being against him he has certainly no right to complain of the instructions given. The third instruction he asked was properly refused, as the circumstance alluded to in that instruction was in evidence before the jury and it was not the province of the court to say what inference they should draw from it. There was evidence of negligence before the jury which justified the verdict rendered; and we should have no disposition to disturb it on the ground of any supposed preponderance of testimony one way or the other.

But we do not see how this judgment can be sustained upon such a petition. There was no averment of negligence in the petition. It is true, the defendant did not demur, but put in an answer averring due diligence on his part and a loss of the negro without his fault, and the case was tried upon the question of negligence or no negligence, upon the basis of the defendant's answer. There was no issue in the case; indeed, no cause of action whatever, so far as I can discover, is stated in the petition. It states a bailment of a slave to defendant for safe keeping, and a refusal of defendant to deliver him up when requested. It is nowhere averred that it was the duty of the defendant to deliver up the slave on request, or that any contract was made, express or implied, to this effect, or that any contract was broken. No conversion is alleged to make it an action of trover (at common law), or any contract stated by which it could be construed as an assumpsit, or any misfeasance or negligence to bring it within the class of actions on the case. The gist of the action, as the facts developed on the trial show, was negligence, but there was no averment on this subject.

The old rule of the English judges that a verdict would supply whatever of necessity must have been proved to the jury has never been held to extend to cases where the *gist* of the action is omitted. Nor have the various statutes of

amendments and jeofails enacted in several of our states and embodying this principle ever been construed to embrace a case where no cause of action is stated. (1 Bac. Abr. p. 16 ; 1 Petersdorf Ab. 871 ; Winston's Exec'r v. Francisco, 2 Wash. 189 ; Chichester v. Voss, 1 Call, 71.) Our statute upon this subject contains nothing new or additional to the old rule. (2 R. C. 1855, p. 1256, clauses 8 and 9.) Indeed, the 10th section of the 6th article of the practice act (R. C. 1855, p. 1232) declares that the objection, that the petition does not state facts sufficient to constitute a cause of action, is not waived by a failure to demur or to suggest the objection in the answer.

The defendant in this case, under the instructions given by the court, was held to that degree of diligence " which persons of ordinary care in their business ordinarily take of their own property." The instruction was the defendant's, and it was certainly not for him to complain of it ; but, as the case goes back, we may with propriety suggest whether such a rule of diligence as this is applicable to bailees of this character. If by " ordinary care in their business" is meant such care as was reasonably to be expected of persons engaged in the business which defendant followed, there can be no objection probably to it ; but if it was meant merely to require that care or watchfulness which a master usually exercises over his slaves on his farm, or in his work-shop, or about his house, that is not the diligence which he is expected to exercise who is employed in the business defendant undertook.

Judge Scott concurring, the judgment is reversed. Richardson, judge, not sitting, having been of counsel.