### ABBIE E. CASE, Respondent, *v.* JOSIAH FOGG, Appellant.

1. *Practice, civil — Bill of exceptions must specify rulings objected to.*—A bill of exceptions must clearly and distinctly advise the appellate court not only of the proceedings before the Circuit Court, but of each ruling of which the appellant complains, and that such ruling was excepted to at the time. Unless it shows such exceptions the bill is useless, and those errors only can be considered which are raised on the record proper by motion in arrest, if one be filed.

2. *Practice, civil — Pleadings — Defects cured by verdict under present system of pleading.*— A petition, while claiming specified damages for trover of certain goods, did not in the body of it state the value of the goods converted, but, after a general description, referred to an exhibit filed "for a more accurate description and the values." *Held,* that, under the increased liberality of our present system of pleading, the defect was cured by verdict.

3. *Lien — Innkeeper — Innkeeper can not sell without judicial process.*— An innkeeper has a lien on the baggage of his guests for the non-payment of their bills, but he has no power to enforce such lien by sale without judicial process.

#### *Appeal from St. Louis Circuit Court.*

Defendant asked the following instruction, which was given by the court: "The jury are instructed that if they believe that Fogg, Miles & Co. was a firm of innkeepers, of which defendant was one, keeping a public inn at the city of St. Louis, and that Nathan P. Case came there as a guest with his wife—the plaintiff—and their baggage, and that Case and wife ran up a bill which they refused to pay from any cause, the jury are instructed that the said innkeepers had a lien on their baggage and a right to detain but not to sell the same to secure said debt, unless they waived the same by contract or otherwise."

The following, among other instructions, were given by the court of its own motion: "The jury are instructed that the keeper of an inn or hotel has a lien on the baggage of his guests, but no right to enforce such lien by sale without proceedings at law; and although the jury may find from the evidence that there was no waiver of that lien by the defendant Fogg, yet if the jury find that the baggage seized was subsequently sold, and that defendant Fogg was a party to its conversion, or afterward ratified the same, they ought to find for plaintiff."

"The jury are instructed that, in general, one partner is not answerable for the trespass or wrongs committed by his co-partner, without his assent; and unless the jury find from the evidence that the goods in controversy were seized or sold with the assent of the defendant Fogg, or that defendant Fogg, knowing of such seizure and sale, subsequently ratified the same, or knowingly took the benefit arising from the proceeds of the sale, they should find for the defendant."

*Strong & Wise*, for appellant.

I. There is no cause of action stated in the petition. There is no value or allegation of value in the petition, no averment that the conversion was wrongful, illegal, unjust, or tortious. (Bowling v. McFarland, 38 Mo. 465; Dietz & Walde v. Corwin *et al.*, 35 Mo. 376.) Nor is such a defect cured by verdict. (Frazer v. Roberts, 32 Mo. 461; Welch v. Ryan, 28 Mo. 30.)

II. The firm, of which defendant was one, had a right to detain upon their lien as innkeepers, though they may not have had a right to sell. (32 Law Lib. 226, tit. Innkeepers; Willard v. Reinhardt, 2 E. D. Smith, 148; Snead v. Watkins, 1 C. B., N. S., 267; Hursh v. Byers, 29 Mo. 469.)

III. The bill of exceptions is sufficient. (3 Wall. 475.)

*Litton*, for respondent.

1. The conversion by sale was a partnership transaction. It was the act of the partnership for the benefit of the partnership. (Lee v. McKay, 3 Ired. 29; Hadfield v. Jamison, 2 Munf. 53; Lindley on Part. 231, 233, 235; Pattee v. Gilmore, 18 N. H.

Case v. Fogg.

460; Townsend v. Bogart, 11 Abb. Pr. 355; Parsons on Part. 153–6; Parsons on Cont. 157, note *j.*)

II. Taking additional independent security for a debt is a waiver of any lien for that debt. Fogg took such security and waived his lien.

III. The allegation of value is contained in the petition, and in the pleadings as made by the parties. No allegation of value is necessary. (Pearpoint v. Henry, 2 Washb. 192; 1 Hill. on Torts, 130, § 22.) If an allegation of value were necessary, the lack of it is cured by verdict. (Carter v. Wallace, 2 Texas, 206; 2 Hill. on Remedies, 235, § 21; Farmer v. Richardson, 36 Mo. 35; Fry v. Baxter, 10 Mo. 302; Frost v. Pryor, 7 Mo. 314; Shaler v. Van Wormer, 33 Mo. 386; Connors v. Meier, 2 E. D. Smith, N. Y., 314; Smith v. Eastern R.R., 35 N. H. 357; Hall v. Burgess, 5 Gray, Mass., 12.)

IV. There are no exceptions preserved by the record either to the admission of evidence or the rulings of the court, or to the giving or refusal of instructions. The bill of exceptions no-where states that the defendant " then and there excepted." And the only evidence in the bill of the dissatisfaction of the defend-ant at the admission of evidence or ruling of the court, or the giving or refusal of instructions, is that at the close of his bill defendant says: " To all of which defendant excepts." This is insufficient. (33 Mo. 149; 34 Mo. 141; 21 Mo. 122; 27 Mo. 415; 31 Mo. 530; 13 Mo. 511; 14 Mo. 367; Duffield v. Cross, 13 Ill. 699; Johnson v. Bell, 10 Ind. 363; Andres v. Broughton, 21 Ala. 200; Sammins v. Johnson, 22 Ala. 690; 4 E. D. Smith, N. Y., 251; 27 Barb. 512; 5 Seld. 170; 5 Duer, 240, 257; 43 N. H. 58; 9 Ind. 528; Jenks v. State, 17 Wise, 665; Foster v. Nowlin, 4 Mo. 18; Hays v. Ellison, 5 Mo. 110; Reno v. Crane, 2 Blackf. 218; Rowan v. Dosh, 4 Scam. 460; White v. Gray, 32 Mo. 467; Searcy v. Devine, 4 Mo. 626; Brolaski v. Lamb, 38 Mo. 51; 3 Gilm. 299.)

Bliss, Judge, delivered the opinion of the court.

The plaintiff brought her action in the nature of an action of trover for the conversion, by the firm of Fogg, Miles & Co., of

which defendant was a member, of a large quantity of ladies' wearing apparel, furs, jewelry, etc., and recovered a judgment for $2,389. Counsel, in their briefs and argument, have considered at length the questions involved in the relation of the plaintiff, as wife, to her apparel and household stuff, etc., received from her parents, her paraphernalia, etc.; to her right to sue in her own name, and to the effect of a divorce, etc.; but, upon inspecting the record, I do not see how those questions can be considered by us. There is a bill of exceptions containing the evidence and the instructions to the jury given and refused, but I find no specific exceptions to any action of the court that bears upon these questions, and the general exception at the close of the bill is altogether too general to advise us as to its application. There is nothing technical in a bill of exceptions, but it must clearly and distinctly advise the appellate court not only of the proceedings before the trial court, but of each ruling of which the appellant complains, and that such ruling was excepted to at the time. A party will not be permitted to lie by and let errors accumulate without objection, and, if he is defeated upon the main issues, to take advantage of them afterward. Unless it shows such exceptions the bill is useless, and those errors only can be considered that are raised upon the record proper by the motion in arrest, if one be filed. (Mortland v. Holton, 44 Mo. 58, and other cases.)

The petition, while claiming damages in the sum of $3,000, does not in the body of it state the value of the goods converted, but, after a general description, refers to an exhibit filed "for a more accurate description and the values." Under the increased liberality of our system, this defect should be held to be cured by verdict. The triers must have found the value of the goods as well as the fact of their conversion, in order to have given the verdict; their values were expressly denied by the answer as though formally averred; and by our statute, which in this respect makes no new provision, a judgment will not be disturbed for the reason that the pleadings omit "any allegation or averment, without proving which the triers of the issue ought not to have given such a verdict." The motion in arrest was therefore properly overruled.

The evidence shows an aggravated case of a reckless and illegal attempt to enforce an innkeeper's lien by Mr. Miles, but with the knowledge and without the hindrance of the defendant.

A tenfold security for the husband's bill was demanded of the wife, and she was hardly permitted to take a change of clothing from her abundant stores. In a short time, without judicial process, large Saratoga trunks, loaded with rich goods when left, and of whose contents every one was ignorant except Mr. Miles, were put up at auction and sold for a song. It may be unfortunate for the defendant to be charged with the wrongful acts of his partner, but this proceeding concerned the business of the firm, and he not only did not interfere to prevent it, but participated in the proceeds of the sale. Though the technical questions have not been saved, that might have been raised upon the record, yet its inspection shows no want of fairness toward the defendant. The instructions upon the main point were quite as favorable to him as the law would warrant, and the judgment does but simple justice to the plaintiff.

The judgment is affirmed. The other judges concur.