SAWYER, Trustee, v. WABASH RAILROAD COMPANY, Appellant.

Division Two, May 21, 1900.

1. **Suit by Trustee of Express Trust.** The words "a trustee of an express trust" include a person with whom or in whose name a contract is made for the benefit of another, and such a person is authorized to sue in his own name for the breach of such a contract without joining with him those beneficially interested with him therein.

2. ————: PLEADING: CURED BY EVIDENCE AND VERDICT: ALTERNATIVE CONTRACT. The plaintiff, as trustee for himself and other citizens of Ferguson, entered into a written contract with a railroad, by which, in consideration of $3,000 to the road paid by plaintiff for himself and other subscribers, the railroad agreed to run six trains per day between Ferguson and St. Louis on an agreed time schedule, and a theatre train on Wednesday and Friday nights. The company, after a year or so, took off the theatre train, and, after complaint, demand for compliance with the agreement or return of the money, and the railroad's refusal to do either, the trustee sued for the amount of money subscribed, alleging a breach of the contract. The defendant demurred to the petition, on the ground that it did not state a cause of action, and on the overruling of the demurrer by answer denied every allegation in the petition. It is claimed on appeal that as the contract sued on was in the alternative, that is, that the defendant could discharge its obligation by running the trains on the agreed schedule or by returning the money either to the plaintiff as trustee or to him and his co-contributors, it was necessary, for a statement of a cause of action in plaintiff as trustee, that the petition allege that the company had failed to return the money to his co-contributors. *Held, first,* that, notwithstanding the demurrer, such allegation was not necessary for a statement of a cause of action in plaintiff, but was a matter of defense, the rules governing alternative pleading being inapplicable; *second,* if the contract was in the alternative and the rules governing alternative pleading were applicable, the failure of the petition to allege a refusal to return the money to the trustee's co-subscribers was cured by the verdict and the admission of evidence, without objection, that at a meeting of all the subscribers the trustee was directed to demand a reinstatement of the train or a return of the money, and that both demands were ignored.

Sawyer v. Wabash Ry. Co.

3. ——: ——: AMENDMENT AFTER VERDICT: WHEN CONCEDED. Where the parties have tried a case as if the omitted averment were in the petition, although a demurrer was lodged against it on account of such omission, it will be sufficient to sustain a verdict, if after verdict it would have been consistent with the evidence, admitted without objection, to amend it so as to include such averment. And where such amendment might properly have been made, and the parties at the trial have proceeded as if it had been made, this court on appeal will consider the petition as having been amended.

4. **Contract:** DEFEASANCE: PLEADING. Where a contract contains a clause which expresses the terms under which defendant may terminate it, it is not necessary for plaintiff in a suit to recover for a breach of the contract, to plead such defeasance clause, because that is matter of defense.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

The petition is fatally defective. Stephen on Pl., p. 325; Richards v. Black, 6 C. B. 437; Edwards on Bailments, sec. 664; p. 534; 1 Greenleaf on Ev., sec. 66, p. 78; Rainey v. Smizer, 28 Mo. 310; Thieman v. Goodnight, 17 Mo. App. 435; Spooner v. Ross, 24 Mo.App. 599; Deyerle v. Hunt, 50 Mo. App. 546; Ryan v. Riddle, 78 Mo. 521; Slaughter v. Davenport, 151 Mo. 26. (2) There was no breach of the contract shown. Authorities cited, *supra*.

*Robt. L. McLaran* for respondent.

(1) The trustee alone was a proper party plaintiff. R. S. 1899, sec. 541; Stillwell v. Glasscock, 47 Mo. App. 554; Ellis v. Harrison, 104 Mo. 270. Defendant by answering to the merits, has waived the defect of parties, if any. State ex rel. v. Sappington, 68 Mo. 454; Bulkley v. Big Muddy Iron Co., 77 Mo. 105; Trust Co. v. Brown, 59 Mo. App. 461. (2) The defect in the petition was cured by the evidence

and the verdict.   R. S. 1899, secs, 659, 865; McDermott v. Glass, 104 Mo. 14; State, etc., v. Scott, 104 Mo. 34.

*Geo. S. Grover* for appellant in reply.

Our position is not that there is a non-joinder or mis-joinder of parties plaintiff, but that the petition fails to state facts sufficient to constitute a cause of action, in that the only averment to be found in the petition is the following: "That plaintiff thereupon demanded of defendant the return to him of said three thousand dollars, previously paid to it in accordance with the terms of said contract, but defendant, though often requested, has failed and refused, and still refuses, to return said sum or any part thereof." To this petition the defendant filed a demurrer and the third ground therein assigned was that the petition did not "state facts sufficient to constitute a cause of action." This demurrer was overruled. An answer—a general denial—was then filed, and at the trial the defendant's counsel objected to the introduction of any evidence, for the reason that the petition "failed to state facts sufficient to constitute a cause of action." If the petition is fatally defective, and that is our first point here, this objection is not one of form, but goes to the substance of the action, and is good on motion in arrest of judgment; and such objection may be made at any stage of the proceedings, and even in this court, for the first time. The rule is that wherever a general demurrer would be well taken, a motion in arrest of judgment is clearly available; and if the petition is bad on general demurrer thereto, the judgment for the same reason is equally bad on motion in arrrest. Hart v. Harrison Wire Company, 91 Mo. 420. Applying this rule to the facts stated in this petition, we again say, in reply to the respondent, that the contract here sued on is not a contract to pay Sawyer absolutely three

thousand dollars, either to himself or as a trustee in a certain event, but is an undertaking to do one of two things—first, to either pay the money to Sawyer; or, second, to pay it direct to the various subscribers to the fund.   Therefore, the petition, to constitute a cause of action, must aver in this case, not that we have failed to pay the money to Sawyer upon demand, but that we have failed to pay the money when demanded, not only to Sawyer, but to the various subscribers to the fund.   Without that allegation this pleading is fatally defective, and is insufficient to support a cause of action.   That being so, the point is not only well saved in this record by every possible means which the defendant could use to save it, but is good in this court, if made by the defendant here for the first time.

GANTT, P. J.—This is an action to recover three thousand dollars for breach of contract.

The case was tried to Judge Spencer in the circuit court of the city of St. Louis, without the intervention of a jury. The petition is in these words (omitting caption):

"Plaintiff states that defendant is and was at all the times hereinafter mentioned a corporation organized and existing under the laws relating to the incorporation of railroads and engaged in the business of a common carrier. That plaintiff and others having property interests and residing along the line of said railroad procured, by voluntary contributions, the sum of $3,000, which was deposited with plaintiff as trustee, to the end that plaintiff should procure additional passenger train service between the city of St. Louis and Ferguson station, St. Louis county, Missouri. That thereafter plaintiff, in his capacity as trustee, entered into an agreement, to-wit, on or about the 8th day of March, 1890, with defendant, which is in words and figures as follows, to-wit:

"St. Louis, March 8, 1890.

" 'Received of Charles H. Sawyer, trustee for all subscribers to a fund raised by the residents and others along the line of the Wabash railway between Vine street, St. Louis, and Ferguson, St. Louis county, Missouri, the sum of three thousand dollars; in consideration of the payment of which sum the Wabash Railway Company (a corporation of Missouri), for itself, its successors and assigns, hereby agree to put on and run permanently after the first day of April, 1890, an additional passenger train service between Vine street, St. Louis, and Ferguson, St. Louis county, Missouri, as per the following schedule:

| Leave St. Louis (Vine St.) | Arrive at Vine St. |
|---|---|
| 6:50 a. m. | 6:45 a. m. |
| 8:45 a. m. | 8:00 a. m. |
| 11:10 a. m. | •8:40 a. m. |
| 3:55 p. m. | 10:35 a. m. |
| 5:30 p. m. | 3:45 p. m. |
| 6:20 p. m. | 6:15 p. m. |
| 11:15 p. m. (Wed. and Fri.) | 7:50 p. m. |
| Leave St. Louis (Vine St.) | Arrive at Vine St. |
| 8:45 a. m. (Sundays) | 8:40 a. m. |
| 1:30 p. m. | 10:35 a. m. |
| 2:45 p. m. | 2:30 p. m. |
| 5:45 p. m. | 5:35 p. m. |

" 'The above schedule may from time to time be modified by the Wabash Railway Company, as to the arrival or departure of trains so as to not conflict with the schedule time of its through passenger trains; but these modifications shall not in any event work an abandonment or discontinuance of any of the trains mentioned or called for in the above schedule.

" 'It is expressly understood and agreed between the parties hereto that said Wabash Railway Company may terminate this contract and relieve itself of all liability on account hereof, by refunding or offering to refund to said

Charles H. Sawyer, or the parties for whom he is trustee, the said sum of three thousand dollars.

"'Wabash R. R. Co.,
"'By Chas. M. Hays, General Manager.'

"That by the terms of said agreement, which is herewith filed and marked exhibit 'A,' and in consideration of the sum of $3,000 paid to said defendant, said defendant agreed and undertook to run trains between the city of St. Louis and said Ferguson station on the time schedule mentioned in said agreement. That thereafter defendant began and continued to operate the trains in conformity with the schedule above mentioned until about the 1st day of April, 1896, at which date the defendant ceased to run the 11:15 p. m. Wednesday and Friday train, known as the "theatre train," and though often requested by plaintiff, has failed and refused to run or operate any passenger train on said schedule time of 11:15 p. m., or at any hour or time that could be used as a night theatre train, between said Vine street and said Ferguson station. That defendant has declared that it will not longer operate and run a train on the schedule time of 11:15 p. m., and will not run or operate any other night train that could be used as a substitute therefor. That by reason of said acts and declarations on the part of defendant it has elected to terminate the contract above mentioned and has terminated said contract. That plaintiff thereupon demanded of defendant the return to him of the said three thousand dollars previously paid to it in accordance with the terms of said contract, but defendant though often requested has failed and refused and still fails and refuses to return said sum or any part thereof. Wherefore plaintiff prays judgment against said defendant for the sum of three thousand dollars with interest since April 1, 1896, and his costs herein."

The answer admitted the incorporation of defendant as a railroad company, and denied each and every other allega-

tion of the petition. Defendant afterwards by leave of the court withdrew its answer and demurred to the petition. The demurrer was overruled, and thereupon the defendant by leave refiled its original answer.

The cause came on for hearing on December 27, 1897. Neither party desiring a jury, the cause was tried before Judge Spencer.

The plaintiff offered evidence that Mr. Charles M. Hays was the general manager of the defendant railroad on March 8, 1890, and executed the written contract copied at length in the petition; that the three thousand dollars was paid over to defendant and receipt executed therefor; that in pursuance thereof the railroad company ran its trains according to the schedule set forth in the written instrument until December, 1895, but about said last mentioned date it discontinued the 11:15 p. m. train, known as "the theatre train." Thereupon the subscribers who had contributed the three thousand dollars complained and notified Mr. De Forest, who was one of the contributors and the brother-in-law of Mr. Sawyer, the trustee of said fund, of the discontinuance of the train, and at their request he wrote Mr. Ramsay who had succeeded Mr. Hays as general manager of the railroad company, and complained of the withdrawal of the theatre trains, and notified him of the agreement with his predecessor, Mr. Hays, and demanded that the trains be run in accordance with the contract. After taking time to consider the matter Mr. Ramsay answered that he had the option to return the $3,000, and control the service again. Thereupon a meeting of the subscribers was held, and they all authorized Mr. De Forest to notify Mr. Ramsay to reinstate the train service or hand the money to him (De Forest). Mr. Ramsay thereupon notified De Forest to "crack his whip." He then demanded the $3,000, which defendant declined to pay, and this action was brought. This was the substance of all the evidence. A demurrer

to the evidence was overruled, and defendant excepted. The circuit court gave judgment for plaintiff. Defendant appeals.

No instructions were asked or given in behalf of plaintiff, and the only instruction tendered by defendant and refused was one in the nature of a demurrer to the evidence. No exceptions were taken or saved to the introduction of evidence, except the objection to any evidence because the petition failed to state a cause of action, and the case is narrowed down on this appeal to the sufficiency of the petition and the claim that admitting all the evidence no breach of the contract was shown. The petition was assailed first by a demurrer, then upon an objection to any testimony thereunder because it failed to state a cause of action, and finally by a motion in arrest.

The objection to the petition is that the contract sued on is in the alternative, and under it the defendant could discharge its obligation by either paying the $3,000 to Sawyer, the trustee for himself and his co-contributors thereto, or to the various subscribers to said fund, and that plaintiff has not alleged that defendant has failed or refused to pay it to the other subscribers but has simply averred a failure to pay to plaintiff Sawyer, the trustee for the others.

The contract pleaded and read in evidence was a contract to run the trains according to the agreed schedule. The contract on its face was with Sawyer as the trustee of an express trust. He was authorized by an express statute of this State to sue in his own name and it was not necessary for him to join with him those beneficially interested with him. [R. S. 1899, secs. 1990, 1991; Snider v. Adams Ex. Co., 77 Mo. 523.]

The language of the statute is that "a trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name

a contract is made for the benefit of another." [Sec. 1991, R. S. 1889.]

No discussion or argument is needed to demonstrate that under the written contract sued on plaintiff is a trustee of an express trust, and may sue alone for the benefit of all the subscribers to the fund of $3,000.

The petition then did not fail to state a cause of action in plaintiff.

Did the alleged failure to negative a payment to his *cestuis que trustent* render it bad? We think not. Conceding that plaintiff should have negatived defendant's failure to exercise its option and pay the money, the question we have to deal with at this time, is whether the alleged defect has not been cured by the verdict and the evidence.

*Without objection* the plaintiff proved that at a meeting of all the subscribers to the fund, Mr. De Forest was authorized to demand the reinstatement of the trains according to the schedule, or a return of their money, and both demands were ignored. This proof, unchallenged and uncontradicted, fully supplied the averment of a failure to pay the beneficiaries and authorized the trustee to sue for them. The trial was had as if the petition had averred the failure to pay to the subscribers as well as to their trustee, and it is apparent that defendant was not mislead or prejudiced by this omission. The petition under such circumstances does not stand alone. It does not necessarily follow that because a petition is defective and subject to a general demurrer, that it will not be sufficient to sustain a verdict.

The parties may try the case as if the omitted averment was in the petition or other pleading, and it is perfectly competent for the court even after verdict to amend in accordance with the proofs. In this case it would have been entirely proper for the court in aid of the verdict to have permitted the petition to have been amended, if defective, and as all the facts are before this court we will, if necessary,

treat it as amended.   [Darrier v. Darrier, 58 Mo. 222.]

Our statute of amendments is very broad, and we are forbidden to reverse any judgment "for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict." [Section 2113, R. S. 1889; Seckinger v. Mfg. Co., 129 Mo. loc. cit. 598; Grove v. Kansas City, 75 Mo. 672; Thompson v. Kessel, 30 N. Y. 383.]

This doctrine finds abundant support in the decisions of this court construing the statute.

We are cited to a case in New York which illustrates the exact point now under discussion.   In Rowland v. Sprauls, 21 N. Y. Sup. 895, affirmed 66 Hun. 635, a material allegation of insolvency had been omitted and it was urged by appellant that it was indispensable, but the court said that "the evidence, which was admitted without objection, abundantly established the insolvency of the mortgagor.   The complaint could have been amended by the trial court, if an amendment was necessary, for it would not have changed the nature of the action.   It is not necessary to send the case back for the purpose of amending the complaint.   That may be done by the appellate court. . . . The course of the trial was the same as if the complaint had contained the needed allegation, so that the defendant was neither misled nor prejudiced by the omission."   All of which applies as well to this case.

It is perfectly plain that the omission to state defendant had not paid this money to the other subscribers in no manner prejudiced the defendant.

We have so far considered the case upon defendant's theory that it was necessary for plaintiff to plead as a part of his contract defendant's option to terminate the contract by refunding the money.   We note defendant's contention that the contract was in the alternative and plaintiff could not sue as upon an absolute contract.   The law of alternative

pleading is well enough stated, but we think is inapplicable to this contract. The contract was an absolute one by plaintiff as a trustee for himself and his co-contributors, and the railroad, for the service designated in the schedule.

The clause at the foot of the contract was merely a stipulation providing upon what terms defendant might terminate the contract. The contract was single and positive, but defendant had stipulated how it might terminate the contract. This clause was one of defeasance, and in such case it is not necessary for plaintiff to state defendant's right to terminate. That is a new matter of defense, and if defendant desired to avail itself of the privilege it thus reserved it was its duty to plead that it had exercised its option and paid or tendered to plaintiff and his associates their money and thus absolved itself from the contract into which it had entered.

When a stipulation or a condition in a contract is merely a defeasance of the contract it is matter of defense and may be omitted from the declaration or petition. [Stanwood v. Scovel, 4 Pick. (Mass.) 422.]

The petition alleged the execution of the contract, its breach by defendant and a demand for the return of the consideration. Defendant denied the contract, and the breach thereof, and did not plead that under the contract it could terminate it by repaying the money and had done so. In our opinion the petition was sufficient and plaintiff was not required to negative a defense which would only have been available to defendant when properly pleaded as new matter.

No doubt can exist as to the breach of the contract. There is not the slightest intimation that defendant had notified the contributors to the fund that it had elected to avail itself of its option to terminate the contract and repay the money or had repaid a dollar of it. In any view that may be taken of the case, the judgment must be and is affirmed.

*Sherwood* and *Burgess, JJ.*, concur.