W. F. GOLDEN et al., Respondents, v. D. P. MOORE, Appellant.

**Kansas City Court of Appeals, October 7, 1907.**

1. CONVERSION: Pleading: Petition: Amendment: Verdict: A petition in conversion should aver plaintiff's right to the possession; but when attention is first called to the absence of such averment in the motion in arrest, the court may permit an amendment supplying the defect.

2. CHATTEL MORTGAGE: Description: Mortgagee's Possession: Conversion. A description of a mule in a chattel mortgage is held sufficient for a stranger to have identified it with the use of proper inquiries; and it is further held that a mortgagee with condition broken has a right to possession and may maintain trover.

3. ————: Mortgagor's Possession: Action: Conversion. A mortgagor in possession after condition broken may maintain an action for the conversion of the property, since actual possession at the time of the trespass gives a right of action against a wrongdoer.

4. CONVERSION: Misjoinder of Parties: Practice. A mortgagor and mortgagee after condition broken may jointly maintain trover for the conversion of the property, and if not, the misjoinder is waived unless taken advantage of by demurrer or answer.

Appeal from Moniteau Circuit Court.—*Hon. William H. Martin,* Judge.

AFFIRMED.

*R. M. Embry* for appellant.

(1) The description in the mortgage is wholly insufficient. The bank has no claim under such mortgage. The description is not only vague, but according to the evidence is absolutely incorrect. Young v. Bank, 97 Mo. App. 576; Chandler v. West, 37 Mo. App. 631. (2) In a chattel mortgage after the note has become due and remains unpaid, the legal title to the property passes to the mortgagee, in fact the mortgagee has legal title at all times after mortgage is given. White v. Quinlan, 30 Mo. App. 54; s. c., 39 Mo. App. 356; Tobener v. Hassenbush, 56 Mo. App. 591; s. c., 42 Mo. App. 39. (3) In order to maintain this action it is necessary for plaintiffs to have both the right of possession as well as the right of property. Certainly the mortgagor and mortgagee cannot each have the right to possession at the same time. Each cannot have the legal title at the same time. If not this judgment should be reversed. Bank v. Mill & Land Co., 152 Mo. 145. (4) The Bank of Versailles was never in possession of the property, can it recover? Turley v. Tucker, 6 Mo. 583; Little v. Chanvin, 1 Mo. 626; Craig v. Mason, 64 Mo. App. 342. (5) The petition did not state facts sufficient to constitute

a cause of action. Bank v. Mill & Land Co., 152 Mo. 145.

*A. L. Ross* and *Moore & Williams* for respondent.

(1) If there was a misjoinder of parties plaintiff, it should have been raised by the answer, and not having been so raised was waived. R. S. 1899, sec. 602; Walker v. Deaver, 79 Mo. 672; House v. Lovell, 45 Mo. 381; Peckham v. Glass Co., 9 Mo. App. 459; Swinney v. Gouty, 83 Mo. App. 549; Anderson v. McPike, 83 Mo. App. 328; Horst Kolle v. Meyer, 50 Mo. 160. (2) There was no misjoinder of parties plaintiff. R. S. 1899, sec. 542; Bigler v. Leonori, 103 Mo. App. 131; Buddington v. Mastbrook, 17 Mo. App. 577. That the mortgagee may also maintain it is decided in Jones on Chat. Mort. (1 Ed.), sec. 490; Bank v. Metcalf, 29 Mo. App. 384; Geekie v. Klass, 16 Otto (U. S. S. C.), 27 L. Ed. 161. (3) The description of the mortgaged property was sufficient and defendant not being a creditor of the plaintiff, Golden, cannot question its sufficiency. Koch v. Branch, 44 Mo. 542; Kramer v. Faulkner, 9 Mo. App. 34; Thompson v. Irwin, 76 Mo. App. 418; Swim v. Wilson, 13 L. R. A. 605; Hindmarch v. Hoffman, 4 L. R. A. 368. (4) The court had the right to permit plaintiffs to amend their petition in furtherance of right and justice. At most the petition stated the cause of action defectively, and its amendment was in the discretion of the trial court, under section 660 and eighth and ninth clauses of section 672. Elfrank v. Seiler, 54 Mo. 136; Seckinger v. Philibert Co., 129 Mo. 590. The statute must be liberally construed in furtherance of right and justice. Sawyer v. Railroad, 156 Mo. 468; Crawford v. Railroad, 171 Mo. 68; Lamb v. Cable Co., 33 Mo. App. 492; State ex rel. v. Pace, 34 Mo. App. 458; Harlan v. Moore, 132 Mo. 483; Birdsal v. Davies, 58 Mo. 138; Merrielees v. Railroad, 163 Mo. 488; Bowie v. Kansas City, 51 Mo. 454;

Case v. Fogg, 46 Mo. 47; Hardin v. Lee, 51 Mo. 244; R. S. 1899, sec. 804.

JOHNSON, J.—Action in the nature of trover for the conversion of personal property. A jury was waived and plaintiff recovered judgment from which defendant appealed. It appears from the evidence that defendant innocently purchased a mule belonging to plaintiff Golden from a thief who had stolen it. Golden had mortgaged the animal to the plaintiff bank to secure a debt which was unpaid and past due at the time of the theft, but had retained possession of the property. Before the beginning of this action, defendant had sold and delivered the property to a stranger. Mortgagor and mortgagee join as parties plaintiff and thus state their cause of action in the petition on which the cause was tried: "That at the time hereinafter mentioned they (plaintiffs) were the owners of . . . one horse mule (here follows the description), and that on or about February 11, 1904, defendant wrongfully converted said mule to his own use to plaintiffs' damage," etc.

The sufficiency of this allegation to state a cause of action was not assailed in any manner before the trial, but defendant answered to the merits, and for the first time attacked the petition in the motion in arrest of judgment. On the hearing of that motion, plaintiffs, over the objection of defendant, were permitted to amend the petition by adding thereto the averment that plaintiffs were "entitled to and had the right to the possession of" the property in question. Following this amendment, the court overruled the motions for a new trial and in arrest of judgment. At the close of the evidence, defendant asked the court to declare as a matter of law that plaintiffs could not recover. In disposing of his contention that a declaration of this char-

acter should have been given, we will determine all of the questions of law presented.

It is argued that the petition failed to state a cause of action and that the learned trial judge erred in granting plaintiffs the right to amend on the hearing of the motion in arrest. The rule is well settled that in an action for the conversion of personal property, the failure to allege in the petition that the plaintiff had possession or the right to possession of the property sued for at the time of conversion, amounts to a failure to state a cause of action. [Bank v. Tiger Tail Mill & Land Co., 152 Mo. 145; Bank v. Fisher, 55 Mo. App. 51; State to use, etc., v. Bacon, 24 Mo. App. 403.] But, in our opinion, the omission of this averment was not an irremediable defect, and, in the interest of justice, it was proper for the court to permit the amendment to be made when his attention was first called to the imperfection, and the fact that the cause was then pending on motions for new trial and in arrest of judgment did not deprive the court of the right to exercise a discretion in the matter. Paraphrasing what was said in Case v. Fogg, 46 Mo. 47, the trial judge sitting as a jury must have found in order to give judgment for plaintiffs that they were entitled to the possession of the property at the time of the conversion, and the judgment will not be disturbed for the reason that the pleadings omitted any allegation or averment without proof of which the triers of the issue ought not to have given such a verdict. In Sawyer v. Railroad, 156 Mo. 468, the Supreme Court said: "The parties may try the cause as if the omitted averment was in the petition or their pleading, and it is perfectly competent for the court, even after verdict, to amend in accordance with the proofs." And in Elfrank v. Seiler, 54 Mo. 136: "There are only two things under our liberal system which are fatal to a suit, and these are, first, that the petition does not state facts sufficient to constitute a cause of action and,

second, that the court has no jurisdiction over the subject-matter of the suit. And the fatality as to the first instance cited may be obviated so far as concerns formal sufficiency by amendment; but if the pleader refuse to amend, defeat awaits him." Under these authorities, we must rule the point under consideration against defendant.

Next it is said that the action must fail for the reason that neither mortgagee nor mortgagor was in a position to maintain it. The former, on account of a wholly insufficient description of the animal in the mortgage instrument, and the latter on the ground that being the mortgagor of personal property after condition broken, he had neither legal title nor right of possession to the property and, therefore, has nothing on which to found a cause of action for its conversion. Though the description of the property in the mortgage does not entirely agree with that given by the witnesses in their testimony, we sanction the conclusion evidently reached by the trial judge that a stranger, with the aid of such inquiries as the mortgage itself would suggest, could have identified the property from the description given therein; and this being true, the mortgage is not subject to the attack made on it. [Young v. Bank, 97 Mo. App. 576; Chandler v. West, 37 Mo. App. 631.] Plaintiff bank, as mortgagee, with condition broken, had the legal title to the property as well as the right of possession and, therefore, is entitled to maintain an action for its conversion.

And it does not follow from the fact that the mortgagee has a cause of action that none inures to the mortgagor. The rule of the common law still obtains that where the mortgagor is suffered to retain possession of the mortgaged property after condition broken, his special interest therein will support a cause of action in his favor against the wrongdoer who seizes it. "Possession is sufficient to enable the possessor to maintain trespass.

Proof of actual possession by the plaintiff at the time of the trespass in all cases suffices to maintain an action against a mere wrongdoer." [Buddington v. Mastbrook, 17 Mo. App. 577; Bigler v. Leonori, 103 Mo. App. 131.]

It follows from what has been said that either mortgagor or mortgagee could maintain the present action, but it is argued by defendant that it was improper for them to join in a single action. There is no misjoinder of parties and had there been, defendant must be deemed to have waived it. A misjoinder appearing on the face of the petition is waived if not made the subject of a demurrer. If it does not thus appear, the objection to be considered must be made in the answer.

The judgment is affirmed. All concur.