WILLIAM B. SWIFT, et al., Respondents, v. CENTRAL UNION FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals. January 17, 1916. Motion for rehearing overruled, and case certified to Supreme Court, June 12, 1916.

Opinion of Supreme Court found at 216 S. W. 935.

1. PETITION: Consideration. Cause of Action. A petition on a contract of oral insurance in which a consideration for the contract is not alleged, fails to state a cause of action.

2. PLEADING: Amendment After Verdict: Judgment. A petition in which no cause of action (defective or otherwise) is stated cannot be amended after verdict so as to render judgment on the petition thus amended.

3. ———: Judgment: Trial: Amendment. It is never allowable to state a cause of action for the first time after the trial has been had and take judgment on the new statement. The pleading of a cause of action must necessarily precede a proper trial.

4. ——: **Statute of Jeofails.** Under our curative statutes an amendment to a petition may be made after trial to cure a cause of action awkwardly, defectively or imperfectly alleged; but they do not permit a cause of action to be manufactured, at that time, out of new material.

5. **CURATIVE STATUTE:** Gist of Action: Amendment. The rule that a verdict would supply whatever of necessity must have been proved, has never been held to extend to cases where the *gist* of the action is omitted. Nor have the various statutes of amendments and jeofails embodying this principle ever been construed to embrace a case where no cause of action is stated.

6. **STATUTE:** Arrest of Judgment: Amendment: New Trial. The statute (Sec. 2026, R. S. 1909) that "When a judgment shall be arrested, the court shall allow the proceedings in which the error was to be amended, in all cases when the same amendment might have been made before trial, and the cause shall again proceed according to the practice of the court," does not permit an amendment after trial when no cause of action is alleged. If the judgment is arrested because no cause of action is alleged, it is the end of the case and, if the plaintiff has a right of action, a new one may be brought by proper petition. If the defect is such that it could have been cured by amendment before trial, then the effect of sustaining a motion in arrest is, not to permit an amendment then render judgment, but the effect is to grant a new trial, when the cause will be heard on a petition alleging a cause of action. Golden v. Moore, 126 Mo. App. 518 and Merrill v. Mason, 159 Mo. App. 605, overruled. JOHNSON, J., dissents on the ground that an amendment may be granted after verdict, without ordering a new trial, where the amendment relates to a fact, without proof of which the triers of fact ought not to have given a verdict for the plaintiff, and which the parties contested as one of the issues raised by the pleading.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone*, Judge.

REVERSED AND REMANDED AND CERTIFIED TO THE SUPREME COURT.

*George H. English, Jr.*, for respondents.

*Paul Bradley* and *Lyons & Smith* for appellant.

ELLISON, P. J.—Plaintiffs case is based on an oral contract of fire insurance made by him with defendant's agent. He obtained judgment in the circuit court.

The chief objection to the judgment is that the petition does not state facts sufficient to constitute a cause of action. The particular point is that there is no allegation that there was a consideration for the promise of insurance. The point is well made. [McNulty v. Collins, 7 Mo. 69; Hart v. Harrison Wire Co., 91 Mo. 414; County v. Auchley, 92 Mo. 126; Bliss on Code Pleading, secs. 268, 269, 308; 1 Chitty on Pleading (16 Ed.), 300, 301 (star page), 382, 383, (bottom page).] Without a consideration a promise to pay money, or to insure against loss of property, will not afford a basis for a cause of action—an action cannot be successfully maintained on a promise of that kind. Therefore, a petition which fails to allege a consideration fails to state a cause of action. If the action had been on a promise in writing for the payment of money the promise would have imported a consideration and been within the provision of section 2774, Revised Statutes 1909. [Rector v. Fornier, 1 Mo. 204; Johnson v. Woodmen of the World, 119 Mo. App. 98.]

Plaintiff suggests that the petition is good notwithstanding the foregoing defect in that it alleges that the oral contract was that the contract of insurance was upon the same general terms, so far as applicable, as those embraced in a certain writing which it had with defendant which the pleader recites at length in the petition, from which it appears there was a consideration expressed for that contract. But such recitation of some other contract is not an allegation of a consideration for the contract involved. The question here is as to the consideration for this agreement to adopt the provisions of that other contract.

The next matter in avoidance of defendant's point is that after judgment, but before the motions for new trial and arrest were overruled, the trial court

permitted an amendment of the petition by alleging a consideration. The statute (secs. 1851, 2119, 2120, R. S. 1909) permits an amendment of formal defects in the pleading, but not one that goes to the very cause of action itself. [Hart v. Harrison Wire Co., 91 Mo. 414, 420; Andrew v. Lynch, 27 Mo. 169.]

In considering these decisions, and those hereafter referred to, the distinction and difference must be noted between allowing an amendment upon which to render a judgment in a trial already had; and allowing an amendment for the purpose of a new trial.

We think it has been the understanding of the bench and bar of the State that formal defects in a petition may be cured by amendment after verdict, and even in instances relating to a statement of a cause of action itself, if the cause of action be stated defectively or imperfectly, the petition may be amended after verdict; and judgment then rendered on the verdict But this can never be done if no cause of action is stated. [Weil v. Greene County, 69 Mo. 281, 286; Grove v. City of Kansas, 75 Mo. 672; Welch v. Bryan, 28 Mo. 30.] It ought never to be said that you may for the *first* time state a cause of action for a trial *after* that trial has been had and take judgment on the new statement. The pleading of a cause of action must *necessarily* precede a trial, else difficulties would arise hard to measure. If a proper time to settle what amendment is necessary in order that a cause of action be stated, is after the trial, there has been, heretofore, much waste of time by the courts in determining that question before the trial. It would seem that if that procedure is allowable, it would simplify matters to try *same case or other,* without a petition and then file a petition bottomed on the case tried. Our relief statutes are curative—that is their popular name—they are not creative. They cure a cause of action which, before trial, has been awkwardly, imperfectly or defectively stated; but they do not permit one to be manufactured, out of the new material, after trial,

so as to render judgment thereon. [See in illustration, St. Louis v. Wright Cont. Co., 210 Mo. 491, 500, 501.]

The following cases relied upon by plaintiff are far from sustaining him, viz, Tebeau v. Ridge, 261 Mo. 547; Sawyer v. Railroad, 156 Mo. 468, Elfrank v. Seiler, 54 Mo. 134 and Case v. Fogg, 46 Mo. 44, 47. In neither of these was there a failure to state a cause of action, but in each a cause of action was imperfectly stated. In the first case an allegation of ownership of land was necessary. There was such allegation in effect, but the court stated (p. 558) that it was not "in apt terms." It is stated in the opinion (pp. 558, 561) that "setting out in the petition *in haec verba* the paper containing the option to buy was a sufficient compliance with any requirement to plead ownership." In this condition of the pleading, with no objections and each party treating the matter as sufficiently pleaded, the court held there was a cause of action stated. There was no question of amendment in the case.

In the second case the court decided (p. 476) that the petition stated a cause of action. The court then took up the question whether an "alleged failure to negative payment" rendered the petition bad and held it did not. Then the court added that conceding the petition should have negatived defendant's failure to exercise a certain option, it was merely a defect cured by the evidence and verdict. In other words, the court did no more than to say that if a cause of action was stated, a defect in the petition was curable by verdict.

In the third case it is expressly decided that the petition merely lacked form but did state a cause of action. But in the course of the opinion the court said: "There are only *two* things under our liberal system which are fatal to a suit, and those are, first, that the petition does not state facts sufficient to constitute a cause of action; and second, that the court has no jurisdiction over the subject-matter of the suit. And

the fatality as to the first instance cited, may be obviated so far as concerns a formal sufficiency by amendment; but if the pleader refuse to amend, defeat awaits him.'' This expression as to an amendment is laid hold of as aiding the course taken at the present trial. It has no application. The amendment referred to evidently is one to be made before, or during the trial; if not made then, ''defeat awaits him.''

In the last case the petition alleged the damages sustained on account of the conversion of some merchandise, but imperfectly alleged its value. The value was denied by the answer and the court merely held the defect was cured by verdict.

It has been a long time since Judge NAPTON announced in Andrews v. Lynch, supra, that: ''The old rule of the English judges that a verdict would supply whatever of necessity must have been proved to the jury has never been held to extend to cases where the *gist* of the action is omitted. Nor have the various statutes of amendments and jeofails enacted in several of our States and embodying this principle ever been construed to embrace a case where no cause of action is stated.''

That statement has never been questioned since. On the contrary is being cited on all fit occasions.

Passing by the foregoing, plaintiffs call to their aid section 2026, Revised Statutes 1909. It reads as follows: ''When a judgment shall be arrested, the court shall allow the proceedings in which the error was to be amended, in all cases when the same amendment might have been made before trial, and the cause shall again proceed according to the practice of the court.'' That statute affords no relief to the situation in which plaintiffs find themselves. The statute means that when a trial court arrests a judgment, for a reason that is absolutely fatal to the case that case is at an end, and, if the plaintiff has any right, a new action must be brought. It is said of a motion in arrest that ''If granted, it does not necessarily result in a new trial.'' ·

[Stid v. Railroad, 211 Mo. 411, 415.] That is, if the error or defect is such that it could nave been cured by amendment before the trial, then the effect following the sustaining of the motion in arrest and allowing such amendment, is the granting a new trial (State ex rel. v. Fisher, 230 Mo. 325, 336), when the cause may be heard, this time, on a pleading which states a cause of action. That is to say, in the language of the statute, "the cause shall *again* proceed according to the practice of the court."

In O'Toole v. Lowenstein, 177 Mo. App. 662, the St. Louis Court of Appeals decided an amendment could be made after verdict, and it rightly remanded the case for new trial. But plaintiff lays hold of remarks of that court in the course of the opinion in stating what this court had decided concerning the right to amend after verdict and the right to take judgment on that verdict (Golden v. Moore, 126 Mo. App. 518; Merrill v. Mason, 159 Mo. App. 605). But the remarks of that court were rather introductory or explanatory of the case before the court and were not involved in the decision of that case, and were not intended as a decision. And so that court cast it all aside by stating that the conditions existing in the two cases in this court were not in the case it was deciding and then proceeded to decide that case in no way contrary to what we have here held.

But we think the case of Golden v. Moore, 126 Mo. App. 518, and Merrill v. Mason, 159 Mo. App. 605, do sustain the trial court and is perhaps what that court based its ruling upon. But under the views herein stated those cases were erroneously decided.

From the foregoing considerations, we think it clear that when a cause of action is stated, but inaptly or imperfectly, it is curable under the terms of the statute, after verdict, so that judgment may be rendered on such verdict. But if no cause of action is stated, it cannot be made to sustain a judgment by amendment after trial. In such instance, judgment should be

arrested and, instead of turning plaintiff out of court to begin over again, a new trial should be granted with leave to amend in such way as to state a cause of action.

In further effort to escape from defendant's point, plaintiff shows that counsel in making his statement of defendant's case said the issue was one of fact. That at the trial his objections were too general to advise plaintiff of his precise point until the motions for new trial and in arrest were argued. This cannot aid plaintiff; for, the defect of failure to state a cause of action may be raised at "any stage of the case." [Chandler v. Railroad, 251 Mo. 592; Greer v. Railroad, 173 Mo. App. 276.]

The judgment will be reversed and the cause remanded for new trial. *Trimble, J.,* concurs. *Johnson, J.,* dissents.

JOHNSON, J. (dissenting).—The petition alleges that on or about July 15, 1913, the parties entered into an oral contract of insurance by which defendant, a fire insurance company, insured certain described property in plaintiffs' factory in Independence in the sum of $2400, for a period of one year, "upon the same general terms and conditions, so far as those embraced in a certain written contract of insurance made and entered into between the defendant and these plaintiffs, under date of July 30, 1912, which said last named contract or policy of insurance is in words and figures as follows:" Then follows a copy of that policy which shows on its face that in consideration of the stipulations therein named and of a premium of $72, defendant had insured the same property for a period of one year from July 30, 1912, the date of the policy, in the sum of $2400. Further the petition alleges the destruction of the property by fire on August 8, 1913, while the oral contract was in force, a demand by plaintiffs for payment of the loss and defendant's refusal to comply with the demand. The petition was not attacked by demurrer and the answer was a general denial.

At the beginning of the trial a general objection to the introduction of any evidence on the ground of the failure of the petition to state a cause of action was overruled and plaintiffs introduced evidence tending to show that they had been doing business with defendant's agent in Independence who was authorized to countersign and deliver policies; that it had been the practice of the agent to issue renewal policies to plaintiffs without formal request and to charge the premiums to plaintiffs' account and that a short time before the expiration of the policy issued July 30, 1912, one of the plaintiffs and the agent had a conversation in which the latter agreed to issue a new policy in the same amount and on the same terms, except that a higher premium would be charged. It appears that defendant and other domestic insurance companies, taking advantage of a temporary withdrawal from the State of foreign companies, had raised the premium rates and the agent at Independence had issued plaintiffs a policy of $1000 in place of one for that amount which had been issued by a foreign company and was about to expire. Plaintiffs refused that policy and in an interview one of them had with the agent about that transaction the latter, in the course of the conversation, reminded him that the policy for $2400 dated July 30, 1912, was about to expire and was told by plaintiff to continue that insurance. Plaintiff testified:

"He said to me that the twenty-four hundred dollar policy would expire in a short time. . . . I told him then distinctly to renew that one, because there was no other place I could get it, and I wanted that policy continued, and he said he would do it. I understood him to say he would do it and supposed it was done. . . . I dismissed it then from my mind supposing, of course, he would renew it just as he said he would. I left town and went away soon after that supposing the insurance was taken care of."

The agent called as a witness by defendant denied such agreement and testified that because of the increase

in the premium rates plaintiff, at the mentioned interview, not only refused the new policy for $1000 but also told the witness not to continue the insurance represented by the policy of July 30, 1912. After the fire plaintiffs tendered the amount of the premium and demanded payment of the loss but the tender and demand were refused and this suit followed.

The court refused defendant's request for a peremptory instruction and in the instructions to the jury declared, in substance, that plaintiffs would be entitled to recover on the hypothesis presented by their evidence that the agent of defendant, possessing authority to countersign and issue policies, had orally agreed for a stated premium to issue plaintiffs a renewal policy on the expiration of the one then in force. The jury decided the issue of fact thus defined in favor of plaintiffs and returned a verdict for the full amount of their demand. Motions for a new trial and in arrest of judgment were filed and overruled and defendant appealed.

The grounds of the motion in arrest were that the petition does not state facts sufficient to constitute a cause of action and that the verdict is not responsive to the issues tendered by the pleadings and is insufficient to support a judgment.

Counsel for defendant argue that the omission of the petition to allege the payment or tender of a premium, or, in other words, to allege a consideration for the oral promise to insure, constituted a failure to state a cause of action that could be taken advantage of at any stage of the proceeding and would not be waived by answer to the merits. Though technically the point was raised by the formal objection to the introduction of evidence, it was not brought to the actual notice of the court until the hearing of the motions for a new trial and in arrest. Plaintiffs then, over the objection of defendant, were allowed to amend the petition by interlining the words "in consideration of the promise of plaintiffs to pay defendant a certain sum then and there

agreed upon as a premium'' and the motions were overruled.

Defendant contends that after verdict no amendment of a petition may be made except as to mere irregularities or formal defects in the sttatement of the cause, and that a failure to allege a consideration for an oral contract of insurance is a fatal defeat which cannot be regarded as a mere irregulartity, and, therefore, cannot be cured by amendment after verdict.

Under the familiar rule that a petition should be liberally construed where the defendant does not assail it by demurrer, but, by answering to the merits, accepts it as sufficient, there is much force in the argument of plaintiffs that the petition in question before its amendment, sufficiently pleaded a consideration. [Tebeau v. Ridge, 261 Mo. l. c. 558.] Passing that question and taknig defendant in its position that no consideration was alleged the subject to engage our attention is to ascertain in the nature of the defect in the statement of the cause of action left by such omission. If this were an action on a written contract of insurance, the failure to allege a consideration would not constitute even an irregularity and could not successfully be made the subject of a demurrer. [Sec. 2774, R. S. 1909.]

In Johnson v. Woodmen, 119 Mo. App. l. c. 101, we applied that statute to a written contract of insurance and answering the point that the consideration was not properly pleaded in the petition, held ''there was no necessity for alleging any consideration at all'' since the promise to insure imported a consideration. Of course the statute by its terms being restricted to written instruments cannot apply to an oral contract of insurance and it must be conceded that under the general rules of pleading the averment of a consideration must be regarded as an essential element of a cause of action for the enforcement of such oral contract. [McNulty v. Collins, 7 Mo. 69; Hart v. Wire Co., 91 Mo. 414; County v. Auchley, 92 Mo. 126.]

The rule of the common law that a verdict for plaintiff would supply whatever of necessity must have

been proved to the jury has never been extended in this State to cases where the gist of the action is omitted (Hart v. Wire Co., supra) and while a verdict will cure all mere irregularities and imperfections in the statement of a cause of action which contains in an imperfect form all of the essential ingredients of a good cause, it will not cure a statement which fails to allege a constitutive fact, and the objection that the petition fails to state a cause of action is not waived by the failure to demur and may be raised for the first time in the motion in arrest. [Andrews v. Lynch, 27 Mo. 167; Hart v. Wire Co., supra; Golden v. Moore, 126 Mo. App. 518; Elfrank v. Seiler, 54 Mo. 134.]

But where the omitted fact is consistent with the facts pleaded and with them would constitute a cause of action, the omission may be supplied by amendment. It cannot be doubted that if the defect in question had been made the subject of an attack on the petition by demurrer plaintiff would have been entitled to cure it by amendment and in the furtherance of justice the amendment could be allowed by the court whenever his attention was first specifically directed to the defect which, in this case, was by motion in arrest. [Case v. Fogg, 46 Mo. 44; Sawyer v. Railroad, 156 Mo. 468; Elfrank v. Seiler, supra; Hart v. Wire Co., supra; Tebeau v. Ridge, 261 Mo. l. c. 559; Golden v. Moore, supra.]

The pertinent rule is that the parties may try their cause as if the omitted averment was in the petition or their pleadings, and it is perfectly competent for the court, even after verdict, to amend in accordance with the proofs. [Sawyer v. Railroad, supra.] Under this settled rule of practice the court did not err in allowing plaintiff to supply the omitted averment by amendment made on the hearing of the motion in arrest, and the sole remaining question is whether or not such amendment compelled the granting of a new trial.

In Stid v. Railroad, 211 Mo. l. c. 415, the Supreme Court, in defining the office of the motion in arrest, say

that it is not to be confounded with the motion for new trial; that if granted it does not necessarily result in a new trial, and that if an amendment be allowed, the cause, by statutory command, proceeds according to the pratice of the court. If the amendment relátes to a fact which the parties did not contest at the trial and did not treat as an issue, a new trial should be ordered, but if it relates to a fact without proof of which the triers of fact ought not to have given a verdict for the plaintiff ánd which the parties contested at the trial as one of the issués raised by the pleadings, there is no reason and no authority for the view that the court must grant a new trial and cannot treat the defect as being purely formal and, therefore, subject to the rule allowing amendments to make the pleadings conform to the proofs.

This view accords with the decisions of the Supreme Court in Case v. Fogg, supra; Sawyer v. Railroad, supra; Elfrank v. Seiler, supra; Tebeau v. Ridge, supra, of this court in Golden v. Moore, supra; Merrill v. Mason, 159 Mo. App. 605; of the St. Louis Court of Appeals in O'Toole v. Lowenstein, 177 Mo. App. 662; Wilkinson v. Misner, 158 Mo. App. 551; and of the Springfield Court of Appeals in Central Mfg. Co. v. Montgomery, 144 Mo. App. 494.

As is well said in O'Toole v. Lowenstein, supra, l. c. 666:

"Moreover, by section 2026, Revised Statutes, 1909, the trial court is commanded, even when a judgment shall be arrested, to allow an amendment in all cases when the same amendment might have been made before trial, and the statute directs that the cause shall again proceed according to the practice of the court. Under this statute last cited, amendments may be allowed even on the hearing of the motion in arrest, as was done in Golden v. Moore, 126 Mo. App 518, 104 S. W. 481· and the case is to proceed in accordance with the practice of the court, and this, too, without the granting of a new trial, for the reason that a motion in arrest,

though sustained, does not necessarily result in a new trial. [See Stid v. Mo. Pac. Ry. Co., 211 Mo. 411, 415, 109 S. W. 663.]"

The facts of the case in hand forcibly illustrate the wisdom of the rule dispensing with a new trial where the parties have contested all the vital issues of the cause at the trial as though they were well pleaded and the triers of fact have fully considered and determined them. There was no dispute over the subject of a consideration for the alleged promise of defendant to insure plaintiffs' property, and the main issue the jury were called upon to settle was whether or not a promise was made by defendant to continue the insurance on the consideration of the reciprocal promise of plaintiffs to pay an agreed premium. Defendant insisted that no such promise to continue the insurance was made, and in the verdict the jury adopted the contention of plaintiffs on this issue and necessarily found that there was a promise and that it was supported by a consideration. What useful purpose could be served by trying these issues again, and of what right may it be said defendant has been deprived? To hold that despite the fact that the parties have been given and have availed themselves of a fair opportunity to submit their controversy to a jury another trial, nevertheless, must be ordered because of a defect in the petition which did not mislead or prejudice the defendant, would be to debase justice before the most barren of technical rules and to ignore the plain meaning and mandate of the Statute of Jeofails.

Deeming the majority opinion to be in conflict with the decisions of the Supreme Court in Stid v. Railroad, 211 Mo. 411 Tebeau v. Ridge, 261 Mo. 547; Case v. Fogg, 46 Mo. 44; Elfrank v. Seiler, 54 Mo. 134, and with the decision of the St. Louis Court of Appeals in O'Toole v. Lowenstein, 177 Mo. App. 662. I request that the case be certified to the Supreme Court.