## W. J. FLEMING, Appellant, v. KATE E. MULLOY, Respondent.

### Springfield Court of Appeals, April 4, 1910.

1. **PLEADING: Contracts.** Where a contract is incorporated in a petition, it becomes not only an exhibit but a part of the petition.

2. ————: ————: **Consideration.** It is not necessary in suing upon a written contract to allege that there was a consideration. A written contract imports a consideration.

3. **CONTRACTS: Pools and Trusts: Construction.** A contract which provides that a party of the first part agrees to sell or rent certain saloon properties only to parties who agree to buy and handle Anheuser-Busch beer contains no limitation of free competition in beers. The adverb "only" qualifies the words "sell or rent," and not the words "buy and handle," consequently, the contract does not fall within the terms of the statute in respect to pools and trusts (Revised Statutes 1899, Section 8978).

Appeal from Greene County Circuit Court.—*Hon. James T. Neville,* Judge.

REVERSED AND REMANDED.

*R. H. Davis* for appellant.

(1) If the main purpose of the contract in question was to foster the trade and enhance the business of plaintiff, it is valid, and does not contravene the anti-trust laws of the State, although it may incidentally or

indirectly restrict competition. Phillips v. Cement Co., 61 C. C. A. 19, 125 Fed. 593; Whitwell v. Tobacco Co., 60 C. C. A. 290, 125 Fed. 454; United States v. Joint Traffic, etc., 171 U. S. 505, 43 L. Ed. 287; Lanyon v. Sand Co., 223 Ill. 616, 79 N. E. 313; Wood v. Hardware Co., 75 S. C. 378, 55 S. E. 973; American Strawboard Co. v. Halderman Paper Co., 27 C. C. A. 634, 83 Fed. 619.  (2)  A contract in restraint of trade which is merely ancillary to the main purpose of a lawful contract is not illegal at common law as being in restraint of trade.  Mitchell v. Branham, 104 Mo. App. 480; Gordon v. Mansfield, 84 Mo. App. 374; Wiggins Ferry Co. v. Railroad, 73 Mo. 389; Pieltz v. Eichele, 62 Mo. 178; U. S. v. Addyston Pipe etc., 29 C. C. A. 141, 85 Fed. 271; Hitchcock v. Armstrong, 28 C. C. A. 80, 83 Fed. 779; Hodge v. Sloan, 107 N. Y. 244; Park v. Hartman, 82 C. C. A. 174, 153 Fed. 24.

*T. D. Steele* for respondent.

(1)  Consideration is a necessary element in the creation of a contract.  Bishop on Contracts, secs. 24, 37, 38, 77, 78; Lamp Co. v. Mfg. Co., 64 Mo. App. 115; Easley v. Gordon, 51 Mo. App. 637; Wesson v. Homer, 25 Mo. 81.  (2)  The courts of Missouri have construed and applied section 8966 in many cases and upheld it in each one, giving it full force and effect.  Industrial Co. v. Baxter, 125 Mo. App. 500; Gutridge v. Railroad, 105 Mo. 520; Tyler v. Hall, 106 Mo. 313; Lead Co. v. Paint Store, 80 Mo. App. 247; State v. Ins. Co., 152 Mo. 1; State ex rel. v. Standard Oil Co., 218 Mo. 341.

NIXON, P. J.—This was an action commenced in the circuit court of Greene county.  The amended petition sets forth the following contract:

"Witnesseth:  That said party of the first part has this day sold to the said party of the second part the Anheuser-Busch Brewing Agency at Monett and Pierce

City, Missouri, and two horses and also the soda water factory at Pierce City together with bottles, cases and stock now on hand for the price and sum of two thousand dollars, one thousand dollars to be paid down in cash and the other in one note for one thousand dollars due on or before twelve months with six per cent interest. Said party of the first part agrees to sell or rent the lots now occupied by A. B. Clark and E. S. Sherman in the city of Monett, M'issouri, only to parties who agree to buy and handle Anheuser-Busch beer for a period of two years and a like or same contract on the saloon property at Pierce City, Missouri, so long as said party owns or controls said property. In witness whereof, we have hereunto set our hands this 9th day of December, 1905. (Signed) Kate E. Mulloy, W. J. Fleming."

It is then alleged that at the time of the execution of said contract, defendant was the owner of two saloon properties in the city of Monett and one saloon property in Pierce City; that defendant sold to plaintiff the Anheuser-Busch Brewing Association Agency in these two cities, agreeing that her tenants or vendees would for a period of two years only buy and handle Anheuser-Busch beer and that they would buy the same exclusively of the plaintiff; that defendant sold the Monett properties to persons who refused to purchase beer of plaintiff, and that defendant rented the Pierce City property to a tenant who likewise refused to buy beer of the plaintiff; that if the parties had purchased beer of plaintiff as defendant had contracted, the sales for the period of two years would have yielded plaintiff five thousand dollars.

The defendant demurred to this petition, (1) Because said petition does not state facts sufficient to constitute a cause of action; (2) because the petition does not aver that a consideration existed for the alleged contract for a breach of which the suit herein is brought; (3) because the petition does not aver that

he, the plaintiff, performed all the conditions precedent upon his part; (4) because the petition not only fails to plead a consideration for the alleged contract, but upon the face of the petition is shown that no consideration did in fact exist for the alleged contract; and (5) because the contract set up in said petition is against public policy and is in violation of the anti-trust laws of the State of Missouri, and the same is void under the statutes of the State as set up and provided in sections 8966 and 8969 of the Revised Statutes of 1899.

. The court, upon hearing the demurrer, sustained the same, and plaintiff refusing to plead further, final judgment was entered on the demurrer, from which action of the court the plaintiff has appealed.

The contract, being incorporated in the petition, makes it not only an exhibit but a part of the petition. The ground assigned in the demurrer that the petition is defective by reason of not stating a consideration cannot be sustained. It is not necessary in suing upon a written contract to allege that there was a consideration. A written contract imports a consideration. [Sec. 894, Revised Statutes 1899.]

Another ground of objection to the petition is that the contract shows upon its face that it is a contract to regulate prices and limit trade and is in contravention of section 8978, Revised Statutes 1899.

This supposed defect in the petition arises, evidently, from a misapprehension of the grammatical construction of the contract. It provides that the party of the first part agrees to sell or rent only to parties who agree to buy and handle Anheuser-Busch beer. The adverb "only" qualifies the words "sell or rent" and not the words "buy and handle." Hence, there is no limitation under the terms of the contract of free competition in the beers of manufacturers other than Anheuser-Busch. Consequently, the contract does not fall

within the terms of the statute in respect to pools and trusts above referred to.

These are the only questions raised by the demurrer which are entitled to serious consideration. Some interesting legal questions concerning the anti-trust statute lay just beyond the border of this case and into that territory we have been invited to enter by the briefs of able counsel; but the solution of the questions really involved in this record do not demand a consideration of our pooling or anti-trust statute.

The demurrer should have been overruled. This necessitates a reversal of the judgment and the remanding of the cause, and it is so ordered. All concur.