(No. 2233.    Sept. 24, 1919.)

## FLORES v. BACA.

### SYLLABUS BY THE COURT.

1.   Under the provisions of section 2181, Code 1915, every written contract imports a consideration, and in a suit upon such a contract it is not necessary to allege a consideration.
P. 427

2.   A contract which is not entirely in writing is regarded as an oral or verbal contract, and a complaint, in a suit upon such a contract, which fails to allege a consideration, is fatally defective.      P. 429

Appeal from District Court, Socorro County; M. C. Mechem, Judge.

Suit on alleged written contract by Estevan Flores against Hilario Baca. Demurrer to second amended complaint sustained and judgment for defendant, and plaintiff appeals. Affirmed.

A. A. SEDILLO, of Albuquerque, and M. C. SPICER, of Socorro, for appellant.

While there are no allegations in the complaint that the contract was made on any consideration, none are necessary, as the contract itself imports a consideration.

"Every contract in writing hereafter made shall import a consideration in the same manner and as fully as sealed instruments have heretofore done." Section 2181, Code 1915.

Contract implies consideration for purpose of demurrer.

Bank v. Ins. Co., 16 N. M. 71.

Written contracts imports consideration and it is incumbent on party attacking contract to show failure of consideration. Ash v. Beck. 68 S. W. 53 (Tex.); Pan handle & S. F. Ry. Co. v. Fitts, 188 S. W. 528 (Tex.); Vickery v. Moier, 129 Pac. 273 (Cal.); In re Thompson Estate, 131 Pac. 1045 (Cal.); Western National Bank v. Whittman, 161 Pac. 137 (Cal.); Kenigsberg v. Reininger, 141 N. W. 407 (Ia.); Bank v. Brown, 141 N. W. 459 (Ia.); Geddes v. McElroy, 154 N. W. 320 (Ia.); Maxwell v. Harroun, 180 S. W. 993 (Mo.); Titus v. Whiteside, 228 Fed. 965; 9 Cyc. 311.

NEILL B. FIELD, of Albuquerque, for appellee.

Sec. 2181, Code 1915, established a rule of evidence, nothing more.

Bank v. Ins. Co., 16 N. M. 66.

Consideration is necessary to validity of simple contract.

Chitty on Con. 4-5.

Consideration must be alleged.

1 Chitty on Plead. 366-367; 1 Sutherland Code Pl. Sec. 87; Pomeroy's Code Pl. Secs. 14 and 15; 3 Sutherland Code Pl. Sec. 5237; Jerome v. Whitney, 7, Johns. 321; Prindle v. Caruthers, 15 N. Y. 425.

"Again; if a note not within the statute may be given in evidence under the common money counts, value received appearing on the face of it, there would be no good sense in excluding it as evidence in support of a count describing it correctly. This note is admissible in proof to sustain the money counts."

Walrad & Bowman v. Petrie & Gould, 4 Wendell, 576, 577; Bank v. Insurance Co., 16 N. M. 66, 70-71; Laws of 1901, Chap. 62, Secs. 11 and 12; Chitty on Con. 4-5; 1 Chitty on Pl. 366-367; 1 Sutherland on Code Pl. and Pr. Sec. 87; Pomeroy's Code Remedies, Sec. 14 and 15 and note; 3 Sutherland on Code Pl. and Pr. Sec. 5237; Jerome v. Whitney, 7 Johns. 321, 323, 324; Prindle v. Caruthers, 15 N. Y. 425, 426; Walrad & Bowman v. Petrie & Gould, Wendell, 576, 577.

## OPINION OF THE COURT.

ROBERTS, J. Appellant instituted suit in the district court of Socorro county against the appellee on a contract which he alleged to have been in writing. The contract was written in Spanish, the English translation of the same being as follows:

"Both parties hereto do certify that the undersigned Ylario Baca, party of the first part, and Estevan Flores, party of the second part, have agreed, the first party to sell the number of 158 animals between steers, dry cows and cows with calves for the value of $3,650.00, which said deal shall be consummated at the time of the getting of purchaser, and the said Estevan Flores, party of the second part, shall deliver to the said party of the first part the sum of $3,650.00 as soon as the said deal is consummated, according to the conditions, and without any refusal.

"Signed by both parties this 14th day of November, 1913, before a witness.

> "Hilario Baca.
> "Estevan Flores."

The complaint attempted to state either two or three causes of action upon the contract. Appellant apparently contends there were two causes of action stated, while the appellee assumes there was an attempt to state three causes of action. It is difficult to determine from the complaint whether the pleader was attempting to state two or three causes of action. That question, however, is not material. By each count of the complaint appellant alleged that under the contract entered into between the parties the appellant agreed to find a purchaser for the cattle, and that he was to receive for his services the amount of the purchase price in excess of $3,650; that appelleee was to sell the cattle to the purchaser found by appellant.

To the second amended complaint appellee filed a demurrer, based upon the failure of the complaint to state facts sufficient to constitute a cause of action, and it was particularly specified that the complaint was defective in that it failed to allege that there was any consideration for the contract. The demurrer was sustained. Appellant elected to stand on his complaint, and judgment was entered for appellee.

[1] Appellant contends that the action of the court was erroneous in that, as the cause of action was upon a written contract, it was unnecessary to allege the consideration, because such allegation was obviated by section 2181, Code 1915, which reads as follows:

"Every contract in writing hereafter made shall import a consideration in the same manner and as fully as sealed instruments have heretofore done."

If the suit were upon a written contract, clearly appellant's contention would be correct; for, under the provision of the Code above quoted, every written contract

imports a consideration, and therefore it is not necessary that a consideration should be specifically averred. This has been the uniform construction of the above statutory provision by the courts of other states where such provision exists, and it was so held in the case of Bank v. Insurance Co., 16 N. M. 66, 113 Pac. 815. See Georgia Home Insurance Co. v. Boykill, 137 Ala. 350, 34 South, 1012; Henke v. Eureka Endowment Ass'n., 100 Cal. 429, 34 Pac. 1089; Williams v. Hall, 79 Cal. 606, 21 Pac. 965; Roller v. Ott, 14 Kan. 609; County of Montgomery v. Auchley, 92 Mo. 126, 4 S. W. 425; Fleming v. Mulloy, 143 Mo. App. 309, 127 S. W. 105; Noyes v. Young, 32 Mont. 226, 79 Pac. 1063. Hence if the suit in question was upon a written contract and the only point upon which the demurrer was sustained was the failure to allege a consideration, the action of the court would be erroneous; but it is clear, from the contract attached as an exhibit to the complaint in question and the allegation of the complaint, that the action was not upon a written contract, for the allegations of the complaint added, to the written memorandum, terms and provisions not contained in the writing itself. It was alleged that, under the contract which the parties entered into, the appellant was to find a purchaser for appellee's cattle; that appellee was to sell the cattle to the purchaser so found, and was to receive the sum of $3,650 for the cattle, and appellant was to receive, as commission for his services, all sums received for the cattle in excess of such amount. This allegation was clearly adding, to the written contract, terms and provisions not incorporated therein, and by doing so brings the case under the established rule that where a contract is not all in writing it is a parol contract. In 13 C. J. p. 246, the rule is stated thus:

"A contract which is not entirely in writing is regarded as an oral or verbal contract."

And many authorities are cited in support of the text.

In the case of Board of Commissioners of Marion County v. Shipley, 77 Ind. 553, it was held that a con-

tract resting partly in writing and partly in parol is regarded in law as an oral contract, to which the six-year period of limitation applies. This case was followed, with approval, by the territorial Supreme Court in the case of Cunningham v. Fiske, 13 N. M. 331, 83 Pac. 789. In the case of Louisville, New Albany & Chicago Ry. Co. v. Reynolds, 118 Ind. 170, 20 N. E. 711, suit was instituted by Reynolds against the railroad company for professional services rendered the company by him as an attorney at law. The basis of the contract under which the services were rendered was a letter from the railroad company. The court said:

"It does not specify the services which the appellees are to perform, nor does it designate the consideration to be yielded for the services that may be performed. It does provide that the passes given the appellees shall be their compensation for services in the class of cases denominated 'stock cases,' but it does not state what other services shall be rendered, and instead of providing a measure of compensation for other services, it provides that the appellees shall receive 'reason-able attorney's fees.' Two important elements are left open to parol agreement: The services to be performed, and the consideration to be yielded. It clearly implies that what shall be done in other than 'stock cases,' and what consideration shall be yielded, are to be ascertained by resorting to parol evidence. It is difficult to conceive of a case where the writing more clearly discloses its incompleteness and points to extrinsic facts. As the contract is not all in writing, its a parol contract."

[2] The same is true of the contract here in question. Its incompleteness is apparent on its face, and parol evidence was required to complete the contract and warrant a recovery by appellant. This being true the contract is to be regarded as an oral or verbal contract, hence would not come within the purview of section 2181, Code 1915; and it would be incumbent upon appellant to allege and prove a consideration, hence the court properly sustained the demurrer to the complaint.

For the reasons stated, the judgment will be affirmed, and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.