A. B. SMITH and E. K. SMITH, Co-Partners, Doing Business Under the Firm Name and Style of A. B. SMITH LUMBER COMPANY v. OHIO MILLERS MUTUAL FIRE INSURANCE COMPANY, a Corporation, Appellant.—49 S. W. (2d) 42.

Court en Banc, April 12, 1932.*

*NOTE: Opinion filed at October Term, 1931, March 15, 1932; motion for rehearing filed; motion overruled at April Term, April 12, 1932.

*Samuel A. Harper, Chas. M. Howell, Dearmont & Russell, Gallivan & Finch, N. C. Hawkins* and *Daniel V. Howell* for appellant.

*A. M. Spradling* and *Ward & Reeves* for respondents.

244

GANTT, J.—Action on a fire insurance policy. The case originated in the Circuit Court of Pemiscot County. On motion of defendant, it was referred by the court. Among other things, the referee found that plaintiffs paid the premium to Auber Smith, an employee of plaintiffs at the time and when the policy was issued; that Auber Smith did not pay the premium to defendant; that after the fire he tendered same, which was refused by defendant; that defendant had no notice that Auber Smith was an employee of plaintiffs, and acting in a dual capacity in the matter of the insurance, and for that reason the judgment should be for defendant. Accordingly, judgment was rendered for defendant and plaintiffs appealed.

On appeal, plaintiffs contended (1) that the case was not a proper one for reference; and (2) that they made a prima-facie case and defendant showed no defense.

Defendant contended (1) that the case was properly referred; and (2) that if a reference was improper it was harmless because defendant showed a complete defense as a matter of law on one or more of its defenses.

We reversed and remanded the cause, holding that the case should not have been referred, and that the evidence made a case for a jury. [Smith v. Fire Ins. Co., 320 Mo. 146, 6 S. W. (2d) 920.] On retrial, judgment was for plaintiffs and defendant appealed. On appeal it again contended that plaintiffs were not entitled to recover as a matter of law. We again held that the evidence made a case for a jury. However, we reversed and remanded the cause, holding that plaintiffs' instruction placing the burden on defendant to prove non-payment of the premium was erroneous. [Smith v. Fire Ins. Co., 325 Mo. 51, 26 S. W. (2d) 962.]

Thereafter the venue was changed to Cape Girardeau County. On retrial plaintiffs assumed the burden of proving payment of the premium. Judgment was for plaintiffs in the sum of $39,604.16 and defendant appealed.

The petition is conventional. Among other things it alleged that in consideration of the payment of $342 by plaintiffs to defendant,

the policy was issued and thereby defendant insured plaintiffs against loss of certain property by fire.

The answer alleged: (1) that the policy was void for the reason plaintiffs did not pay the premium; (2) that before the fire defendant cancelled the policy because plaintiffs had not paid the premium; (3) that plaintiffs did not protest cancellation and for that reason are estopped to deny cancellation; (4) that under the provision of the policy against false swearing, plaintiffs are not entitled to recover; (5) and that Auber Smith, with whom defendant dealt in the matter of the insurance was an employee of plaintiffs; that he acted in said matter as the agent of both plaintiffs and defendant without the knowledge and consent of defendant, and for that reason the policy was void.

The reply alleged that Auber Smith was either the agent of defendant in collecting the premium, or an independent contractor and broker; that defendant credited Auber Smith for the premium and did not credit plaintiffs, and for that reason payment of the premium to Auber Smith was payment to defendant.

During all the proceedings there has been no material change in the pleadings, and the evidence was substantially the same on each trial of the case.

As stated in the opinion (325 Mo. 51, 26 S. W. (2d) 964), ''no question is raised as to the issuance of the policy, the value of the property, the destruction by fire and the proofs of loss.'' The controversy is over the payment of the premium and the cancellation of the policy. Plaintiffs claim payment in that they paid the premium to Auber Smith, who was acting either as agent of defendant with authority to collect the premium, or was an independent contractor and broker with whom defendant dealt in the matter of insurance.

Defendant denies that Auber Smith was either its agent or an independent contractor. It further claims that if he was its agent he acted in the matter in a dual capacity without its knowledge or consent.

For a full statement of the facts, reference should be made to the opinions on the former appeals.

On the trial under review the court directed the jury that if Auber Smith did not act in a dual capacity, and if plaintiffs requested him to purchase insurance for them and he placed an order with defendant for the policy and defendant dealt with him as a broker and issued the policy on credit extended by defendant to him and not on credit extended to plaintiffs, and if the premium was billed by defendant to him (Auber Smith) and not to plaintiffs, and he (Auber Smith) billed same to plaintiffs, who paid him therefor, then such payment was a payment of the premium to defend-

ant and it could not defeat the suit on the ground of failure to pay the premium, and defendant could not thereafter cancel the policy without paying to plaintiffs the unearned premium.

I. Defendant contends that plaintiffs are not entitled to recover on the theory of payment of the premium to an independent contractor and broker for the reason the petition only alleged payment to defendant and that recovery should not be permitted on the allegation in the reply that Auber Smith was an independent contractor and broker and that as such the premium was paid to him. In other words, defendant contends that the proof did not correspond with the allegations of the petition.

In this connection plaintiffs direct attention to our ruling in Smith v. Fire Ins. Co., 325 Mo. 51, 26 S. W. (2d) l. c. 964, that the burden was on plaintiffs to prove payment of the premium. They ask a reconsideration of the question. In ruling the question we applied the common-law rule.

This rule as modified by statute is stated by a standard text as follows:

"If the contract in suit is under seal it imports a consideration and none need be alleged, and the same is true if the instrument sued on is negotiable according to the law merchant. And by statute in some jurisdictions every written contract is made to import a consideration, and where this is so, it is not necessary for plaintiff to allege the consideration. But the consideration is an essential part of a contract, and, in the absence of statutory relief from the rule, a party declaring on a contract which at common law does not import a consideration must fully and truly state the consideration as well as the promise founded on it, and must prove it as laid. If no consideration is stated, it is a fatal defect which may be taken advantage of by demurrer, motion in arrest of judgment, or writ of error." [13 C. J. 722.]

In this State the common-law rule was modified by statute which follows:

"All instruments of writing made and signed by any person or his agent, whereby he shall promise to pay to any other, or his order, or unto bearer, any sum of money or property therein mentioned, shall import a consideration, and be due and payable as therein specified." [Sec. 2958, R. S. 1929.]

On consideration of this statute in Taylor v. Newman, 77 Mo. 257, l. c. 263, we said: "If the instrument sued on was a promise of the defendant to pay money or property, although a non-negotiable instrument, the petition would not be defective by reason of the failure to set out a consideration."

If plaintiffs are not required to plead the consideration, they are not required to prove it. If they are not required to prove it, the defense is affirmative and the burden is on defendant to prove failure of consideration.

And the phrase "import a consideration" has been defined as follows:

" 'At common law, negotiable instruments are said to import a consideration; that is, in the absence of evidence on the point, it will be presumed that there was a sufficient consideration; and it is for the party denying the existence of a consideration to show that there was none. This is true even if no consideration is recited on the face of the instrument, and words such as "value received," are wanting.' " [McGuffin v. Coyle, 86 Pac. 962, 964, 16 Okla. 648, 6 L. R. A. (N. S.) 524 (quoting and adopting definition in 1 Page, Cont. sec. 279.]

An exception to the common-law rule places the burden on defendant of proving nonpayment of the premium for life insurance because the insured is dead and information as to payment is peculiarly within the knowledge of the insurer.

In life insurance cases this exception was cited as authority for placing the burden of proving non-payment of premium on defendant. [State ex rel. Life Ins. Co. v. Reynolds, 277 Mo. 14, 208 S. W. 618; Harris v. Ins. Co., 248 Mo. 304, l. c. 318, 154 S. W. 68.] From this it does not follow that the statute does not cover fire insurance policies. It covers both life and fire insurance policies. In those life insurance cases the statute also was authority for placing the burden of proving non-payment on defendant. In an action on a life insurance policy (Johnson v. Woodmen of the World, 119 Mo. App. 98, 95 S. W. 951), the statute was cited as authority for holding that the defense of nonpayment of the premium was an affirmative defense, and the burden as to that issue was on defendant.

■ Under the statute, all written contracts for the payment of money or property "import a consideration," and the burden of proving failure of consideration for such contracts is on defendant. [Swift v. Fire Ins. Co., 279 Mo. 606, l. c. 610, 216 S. W. 935; County of Montgomery v. Auchley, 92 Mo. 126, 4 S. W. 425; Maxwell v. Harroun, 180 S. W. 993; Swift v. Fire Insurance Co., 202 Mo. App. 419, l. c. 429, 217 S. W. 1003; Fleming v. Mulloy, 143 Mo. App. 309, 127 S. W. 105; Montgomery v. Montgomery, 142 Mo. App. 481, 127 S. W. 118.]

■ The execution of the policy under consideration was admitted. It is an instrument of writing signed by the president of defendant, whereby it promised to pay money. Under the statute it "imports a consideration." The allegation in the petition that plaintiffs paid

the premium was unnecessary. It was surplusage, for without such allegation the petition stated a cause of action. [Johnson v. Woodmen of the World, supra, l. c. 101.] In its answer defendant pleaded failure of consideration in that plaintiffs did not pay the premium. ■ It was proper to do so for the defense was affirmative and the burden was not on plaintiffs to prove payment of the premium, but on defendant to prove non-payment. [Johnson v. Woodmen of the World, supra, l. c. 102.] It follows that the contention that the proof did not correspond with the allegations of the petition is ruled against defendant. In Stephens v. Fire Assn., 139 Mo. App. 369, l. c. 374, 123 S. W. 63, it was stated that in actions on fire insurance policies the burden was on plaintiffs to allege and prove payment of the premium. The record in that case did not present the question and the statement was *obiter*. Moreover, the statute was not called to the attention of the court.

The other questions presented on the demurrer were ruled against defendant on the former appeals. We have considered said questions as presented on the record for review on this appeal and adhere to the rulings made on the former appeals. In the instant case the court ruled correctly in refusing the withdrawal instructions and the instructions in the nature of general and special demurrers.

■ II. Defendant next contends that the allegation in the reply that Auber Smith was either agent or independent contractor was inconsistent pleading. We do not think so. The policy imports payment of the premium. The answer denied payment. The reply alleged payment to Auber Smith; that he was either the agent of defendant or an independent contractor, and that if he was either, payment to him was payment of the premium. Plaintiffs did not seek recovery on the allegations of the reply, and they did not allege in the reply that Auber Smith was both agent and independent contractor. They alleged that if he was either, the premium had been paid before notice from defendant of cancellation. The allegations in the reply were denials of the affirmative defense that plaintiffs had not paid the premium. It was not inconsistent pleading. [Realty Co. v. Markham, 163 Mo. App. 314, l. c. 326, 143 S. W. 1104.]

■ III. Defendant next contends that plaintiffs' instruction authorizing a verdict ignored its affirmative defenses. It requested no instruction on the defenses of false swearing and estoppel to deny cancellation. Those defenses were abandoned. At the request of defendant, the court well directed the jury on the other affirmative defenses. In ruling this question in State ex rel. Ins. Co. v. Cox, 307 Mo. 194, l. c. 197, 270 S. W. 113, we said:

"This question may have been open to argument prior to the recent case of State ex rel. Jenkins v. Trimble, 291 Mo. 227, 236 S. W. 651. Under that authority the instruction of plaintiff, in omitting the defense, it being an affirmative defense and not being an element that entered into plaintiff's case, was not error. The defense having been covered in a proper instruction given at defendant's instance, it is unnecessary to discuss a long line of cases cited by appellant on this question, because it is settled so far as this court is concerned by the authority above cited."

Other cases so ruling follow: State ex rel. Jenkins v. Trimble, 291 Mo. 227, 236 S. W. 651; Rawie v. Railroad Co., 310 Mo. 72, l. c. 96, 274 S. W. 1031; Heigold v. Ry. Co., 308 Mo. 142, l. c. 154, 271 S. W. 773.

■ IV. Defendant next contends that there was conflict in certain instructions on dual agency. It claims that another instruction given at its request correctly defined such agency. If so, there was no conflict, for the challenged instructions referred to other instructions defining such agency.

It also contended that in certain instructions dual agency was erroneously defined "as acting for both plaintiffs and defendant in the payment of the premium," whereas, it was defined in other instructions "as acting for both plaintiffs and defendant in the collection of the premium."

Of course, Auber Smith was not a dual agent by merely paying the premium. But the word "payment" as used in the directions to the jury that if "Auber Smith did not act in a dual capacity in the matter of the premium and payment thereof," included both payment and collection of the premium. The instructions are not technically worded. However, the word "payment" as used could not have been understood by the jury as only referring to the act of payment.

V. Defendant next contends that the failure of the court to define the term "independent contractor" was error. We do not think so. The instructions given at the request of both plaintiffs and defendant dealt with the question. If defendant was not satisfied, it should have requested an instruction defining the term.

■ VI. Defendant next charges the court with error in that it required defendant's counsel to read from a deposition two questions and answers in the cross-examination of a witness for plaintiff.

After the reading of the deposition, plaintiffs' counsel discovered that counsel for defendant had not read said questions and answers.

Thereupon plaintiffs' counsel requested the court to require defendant's counsel to read said questions and answers. The court directed defendant's counsel to do so. Defendant objected and saved its exceptions, but its counsel read the questions and answers as directed by the court. The questions and answers tended to show that plaintiff, A. B. Smith, was not in good health. The condition of his health was not material, but we do not think the admission of the testimony was prejudicial. In this connection defendant complains of a reference to the occurrence by plaintiffs' counsel in his argument. Defendant did not object to the reference and is not in position to complain.

■ VII. Defendant next charges error on plaintiffs' statement of the case to the jury. It did not except to the statement or any part thereof, and for that reason the questions are not for review.

It also charges error on the argument to the jury. The only assignment in the motion for a new trial was that the court erred in overruling an objection of defendant to the argument that defendant had employed Auber Smith.

There was evidence tending to show that Auber Smith was the agent of defendant in collecting the premium. We think the argument was proper.

Other assignments are either without merit or they have been ruled on former appeals.

The judgment should be affirmed. It is so ordered.

*Ragland, Ellison, Frank* and *Atwood, JJ.,* concur; *White, J.,* concurs in result in separate concurring opinion in which *Henwood, J.,* concurs.

WHITE, J. (concurring).—I concur in the result reached in the majority opinion, but do not concur in the construction of Section 2958, Revised Statutes 1929:

"All instruments of writing made and signed by any person or his agent, whereby he shall promise to pay to any other, or his order, or unto bearer, any sum of money or property therein mentioned, shall import a consideration, and be due and payable as therein specified."

All instruments in writing of a certain character "shall import a consideration." The purpose of that section is to give validity to such undertakings so that in a suit to enforce one it is not necessary to prove a consideration in order to make out a case. A failure of a consideration would be a defense. If a contract stipulates a consideration, as it does in this case, it is not necessary to import one.

If a consideration is imported, is it different from the one specified in the contract? If so it would vary the terms of the contract. Does it import the consideration provided for in the contract? Certainly not. That which is expressed cannot be implied. The statute applies only to contracts which express no specific consideration. It applies where it is necessary, not where it would be superfluous.

The statute cannot mean that such contract "imports" any specific consideration. It imports *some* consideration, which would give the contract validity. It is entirely general, and in effect states a rule of evidence, so that a valid contract is prima-facie proven without proof of a specific consideration. When a contract provides for a consideration prima-facie proof is complete without importing a consideration.

The writer of the opinion, apparently conscious of the necessity of importing something not expressed in the contract, goes further and says on page 7:

"The policy imports payment of the premium."

There we have it. It imports *performance* of the contract. It might as well have been said that it imports performance of all the other conditions of the contract. It is not the payment of the premium that constitutes the consideration, but the agreement to pay it. In this case *it was not paid, nor intended to be paid, until nearly two months after the policy was delivered.*

The insurer promises to pay any loss on the property. The insured promises to pay the premium stipulated. One promise was a consideration for the other.

"Where a promise affords a consideration for a contract, it is the promise and not the performance thereof, that constitutes the consideration." [13 C. J. 327.]

The promise here was to pay the premium. The performance was the payment. It was a valid contract and enforceable *before payment* because the consideration was ample.

If the opinion means that *payment* of the premium was the consideration, then in the interval of more than a month after the delivery of the policy and before the payment there was *no* consideration, and consequently no binding contract until the payment was made. If a loss had occurred during the interval the defense of no consideration would have been complete on the theory that payment is the consideration which the law imports. If the plaintiff in such case should rely upon the express agreement that the payment was not due, what becomes of the notion that *payment* was the consideration imported?

No case can be cited where the payment of the premium is held to be the consideration for a policy unless the payment was at or

before the delivery of the policy. Even in life policies where yearly assessments are provided for, a failure to pay is not called a failure of consideration but a forfeiture for nonperformance.

The case was tried without error and could have been affirmed without giving the statute a meaning not expressed or implied in it; a meaning entirely foreign to its purpose. *Henwood, J.*, concurs in these views.