SARAH GODDING HOLMAN, RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT.—98 S. W. (2d) 343.

Kansas City Court of Appeals. June 15, 1936.

*George D. McIlrath* for respondent.

*Ralph M. Jones* and *Kennéth E. Midgley* for appellant.

*Harry Cole Bates* and *Michaels, Blackmar, Newkirk, Eager & Swanson* of counsel.

CAMPBELL, C.—In the original opinion we discussed plaintiff's requested instruction No. 2 as though it were given. Following a showing in the record that said instruction was refused there is a recital which indicates that the instruction was given.

The defendant in its brief and in one of its assignments of error presented matters which were in the case only in event said instruction No. 2 was given.

Having arrived at the conclusion that the result of the appeal is not affected by the question as to whether said instruction was or was not given we shall, upon the authority of the case State ex rel. Funk v. Turner, 328 Mo. 604, 611, withdraw our former opinion and "rewrite the case."

The defendant, on April 13, 1915, issued a policy of life insurance in the sum of $500 to Harrison Holman. The insured, at the time of his death, January 4, 1923, was 29 years of age. Thereafter, plain-

232

tiff, mother of insured and beneficiary in the policy, brought this action to recover the amount stated in the policy with interest thereon. She obtained a judgment in the sum of $727.26, of which $300.70 was interest. The defendant has appealed.

The premiums on the policy were due semi-annually on April 13 and October 13 of each year. The plaintiff's evidence was to the effect that the April, 1922 premium was paid and that the October, 1922 premium was not paid; that on January 11, 1923 she went to the office of defendant in Kansas City, Missouri, made claim for the insurance and was told that she did not have "anything coming;" that after several calls at the defendant's said office she was told that "they would write the Home Office;" that later she again went to the office of defendant and was told "we have a letter from the Home Office. We have a little something for you, just a token . . . you haven't anything coming but we just give you this." Thereupon plaintiff accepted a check in the sum of $11 and signed a statement on the back of the check in which it was recited that plaintiff accepted the check in full discharge of all claims or demands under or by reasons of the policy sued upon.

When said instruction No. 2 is withdrawn from consideration, the record discloses that instruction C-1, given by the court of its own motion, is the only instruction which submitted the case to the jury and allowed a verdict for either the plaintiff or the defendant. Said instruction is as follows:

"The Court instructs the jury that if you find and believe from the evidence that the premium of $6.22 on the policy of insurance mentioned in evidence due on April 13, 1922, was not paid, then your verdict must be for the defendant.

"The Court instructs the jury that if you find and believe from the evidence that the premium of $6.22 on the policy of insurance mentioned in evidence due on April 13, 1922, was paid and accepted and retained by the defendant, then your verdict must be for plaintiff."

This instruction, to the giving of which the defendant does not assign error, told the jury in plain terms that if the April, 1922 premium were paid, the plaintiff was entitled to recover, and if it were not paid the defendant was entitled to a verdict. We must assume that the instruction was correct for the reason that defendant makes no complaint of it.

The plaintiff testified in effect that she paid premiums at the defendant's office in Kansas City, Missouri, and that she paid the April, 1922 premium at that office. We shall not further detail her evidence for the reason that the defendant concedes that "there is no doubt she (plaintiff) testified she paid" the April, 1922 premium. The

defendant, however, argues that its documentary and record evidence showing that the premium was not paid "completely overcomes plaintiff's testimony."

The defendant introduced in evidence despositions of certain of its employees. The sum of their evidence was that the records in defendant's Home Office show that the April, 1922 premium was not paid. The plaintiff was not a party to such records and, therefore, was not bound by the recitals therein.

The defendant's Exhibit 2, which was admitted over the objections of the plaintiff, is as follows:

"Received of the Metropolitan Life Insurance Company $12.44 representing the amount of deposit by me for revival of policy 1992250-C, Holman on which no action was taken. I hereby release the Metropolitan Life Insurance Company for any and all liabilities that may arise by reason of this deposit having been made. In addition to the above mentioned amount, I acknowledge the receipt of $1.00 paid to Dr. Halberg for examination which was never made.

"Signed        Sarah Holman
"Witnessed          Lee Miller."

Concerning the receipt, plaintiff said that the signature thereto "looks like my signature but I never seen that reading up there on the top;" that she did not know Lee Miller, whose purported signature was placed upon the exhibit as a witness to plaintiff's signature; that she did not receive from the defendant the sum of $12.44 nor had she received any amount from the defendant save the amount stated in the check which was dated November 30, 1923. The evidence of plaintiff concerning the exhibit was not disputed. Manifestly the recitals in the exhibit were not conclusive on the plaintiff.

Was the action barred because plaintiff accepted the sum of $11 and executed the release? We think not. Upon the death of the insured plaintiff's claim became liquidated. The amount thereof was $500 less the indebtedness secured by the policy as she contends or it was the sum of $11 as the defendant contends. If it were true that the premium due in April, 1922 was paid, then there was no reasonable basis for the defendant to deny that it was liable for the amount of the policy less the indebtedness thereon. There was no consideration for the release provided the April, 1922 premium had been paid. [Berry v. Detroit Casualty Co., 300 S. W. 1026; Harms v. Fidelity Mutual Life Ins. Co., 65 S. W. (2d) 655.]

Furthermore, the payment by defendant of the sum admitted to be due did not release the matured debt, for the reason "that if one party merely agrees to do what he is already bound to do, there is no consideration." [Enright v. Schrader, 242 S. W. 89, 93.] Manifestly, the case was one for the jury and the court properly denied the defendant's request for directed verdict.

The defendant contends the verdict was excessive in the sum of $1.50 and argues that the defendant was entitled to have interest at the rate of 6 per cent per annum on the $50 loan from April 13, 1923. This insistence is based upon the theory that the April, 1922 premium was not paid. The jury found that that premium had been paid. Upon such finding the verdict was not excessive in the sum of $1.50 or in any other sum.

Plaintiff's instruction No. 3 told the jury that the burden of proving that the premiums which became due were not paid "rests upon the defendant in this case." The instruction was correct. [Smith v. Ohio Millers Mutual Fire Ins. Co., 330 Mo. 236; Harris v. Security Life Insurance Company of America, 248 Mo. 305, 154 S. W. 68; State ex rel. v. Reynolds et al., 277 Mo. 14, 208 S. W. 618.]

The defendant's instruction C told the jury that the burden of proof was upon the plaintiff to prove each "material element of her case by the greater weight of the testimony. . . ."

The defendant argues that its instruction C was in conflict with plaintiff's instruction No. 3. If the instructions were in conflict then instruction C was erroneous. The defendant may not complain of an error in its own instruction even though such instruction was in conflict with a correct instruction obtained by the plaintiff.

The defendant's assignment of error No. 5 is as follows:

"The Court erred in submitting the case to the jury on the theory of extended insurance for the reason that plaintiff was not entitled to it under either the statute or the policy."

Aside from plaintiff's requested instruction No. 2, there was no instruction "submitting the case to the jury on the theory of extended insurance." Hence, we shall not discuss the question of extended insurance for the reason that no such issue was submitted to the jury.

The defendant's motion for rehearing is overruled. The judgment is affirmed. *Sperry, C.*, concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.