Maria BURRELL (Plaintiff), Respondent,

v.

ESTATE of Joseph KAISER, Deceased,
Roy Honer, Executor (Defendant),
Appellant.

No. 30697.

St. Louis Court of Appeals.
Missouri.

March 21, 1961.

Motion for Rehearing or Transfer
to Supreme Court Denied
April 17, 1961.

Edward L. Dowd, Dowd & Dowd, William L. Mason, Jr., St. Louis, for appellant.

Charles A. Mogab, Donald S. Hilleary, St. Louis, for respondent.

BRADY, Commissioner.

On June 19, 1959, respondent filed a claim in the Probate Court of the City of St. Louis, as follows:

"Maria Burrell, being duly sworn states on oath that there is due her from the Estate of Joseph Kaiser, deceased, the sum of Ten Thousand Dollars ($10,000.00) on account of promissory note executed by the deceased for valuable services rendered by the claimant to the decedent at his request. A photostatic copy of said note being attached to this petition and marked 'Exhibit A.' "

In August of 1959, after proof of service of notice of the claim on the executor had been filed in the Probate Court, that court granted respondent leave to amend her claim by striking out of lines 5 and 6 thereof the words "for valuable services rendered by the claimant to the decedant at his request", and inserting in lieu thereof, "for value received". The "Exhibit A" referred to in the claim is respondent's Exhibit No. 1, which was admitted into evidence over appellant's objection. In September of that year, the court transferred this cause to the circuit court of the City of St. Louis, a demand for jury trial having been made, and the claim exceeding the statutory amount required for such a transfer, Section 473.420 RSMo 1949, V.A. M.S. The respondent made a written request for the "* * * transcript of proceedings in the matter of her claim against the estate of Joseph Kaiser, deceased, * * *" and the transcript before us recites that the requested transcript, with exhibits, was filed, although it is not a part of this record. As provided by statute, § 473.420, supra, and Section 472.250 RSMo 1949, V.A.M.S., the circuit court, being then possessed of the cause, proceeded de novo, and by agreement of the parties a jury was waived. The appellant filed its answer to the claim, pleading (1) a denial of each and every allegation of the claim; (2) incompetency of the deceased at the time of his alleged acts and the alleged agreement; (3) failure of consideration for the alleged promise; (4) that the deceased was induced to sign by means of fraud, duress and undue influence; and (5) failure of the claim to state a claim upon which relief could be granted.

The respondent's witness, Anna Bogutski, a woman of 74 years of age, testified that she knew the deceased for about ten years prior to his death; that she had occasion to observe his handwriting "* * * about two times"; that she recognized the writing on Exhibit No. 1 as being that of the deceased, and that the signature thereon was his; that one of the occasions she saw him writing took place in March or April of 1957, and he was then writing in German. She was not asked about the other occasion.

The respondent's husband testified he had known the deceased for about five years; that after deceased's wife died the witness and respondent visited with him about two to three times a week in the evenings; that the first time he ever saw Exhibit No. 1 was on April 1, 1957, when his wife had it and showed it to him. Exhibit No. 1 was then offered into evidence and received, subject to the appellant's objections. The respondent then rested.

The appellant then offered the testimony of Dr. Parsons going to the question of the condition of the deceased's mind on April 1, 1957, the date of Exhibit A. The appellant then closed his case, and the respondent offered as rebuttal evidence the testimony of Mrs. Bogutski; Dr. W. S. Brown, the family doctor who treated the deceased; a Mr. Hoehn, cashier for a stock brokerage exchange with whom the deceased had dealings; the attorney who wrote the will of the deceased; and the attorney's secretary, who subscribed as a witness to the will. All of the testimony of these witnesses, and the evidence that decedent was found incompetent in the Probate Court of the City of St. Louis on June 19, 1958, and the stipulation filed by the heirs at law

of the deceased dealing with the residuary clause of the will, go to the question of the mental capacity of the deceased as of April 1, 1957. The appellant has raised no point before us dealing with this matter, and we will not therefore review in detail the evidence given by the witnesses. Suffice it to say that the trial court committed no prejudicial error in its finding on the point, and we also so find.

The trial court entered its judgment on May 16, 1960. It found as facts that: (1) the deceased executed and delivered Exhibit A on April 1, 1957; (2) respondent gave valuable consideration for said instrument; (3) deceased was survived by respondent; and (4) on April 1, 1957, deceased was of sound mind and capable of managing his own affairs. As a declaration of law, the trial court found Exhibit A to be a valid enforceable contract supported by consideration. The trial court entered judgment for the respondent in the amount of $10,000 and costs. In a memorandum filed with its decision, the trial court stated that Exhibit A was " * * * not of a testamentary character but is of such a nature that a present action can be maintained thereon * * * "; that " * * * The instrument before the court is not a promissory note but is an acknowledgment of the receipt of something of value for which decedent intended to pay. The phrase 'for value received' negatives the idea of a gift, testamentary or otherwise. An obligation was created, conditional on claimant's surviving decedent * * * "; that appellant's medical evidence was incompetent because based largely upon hospital records not in evidence, and that in view of the testimony of respondent's witnesses, the court felt that the deceased was of sound mind at the execution of this instrument. On May 26, 1960, motion for new trial was filed by appellant and on the same day the respondent also filed a motion to amend the judgment to allow for interest at the rate of 6% from the date of death of deceased on March 14, 1959. The trial court sustained the re-

spondent's motion to amend its judgment, and amended the same to allow for interest from August 26, 1959, the date of service of the notice of the claim, to the date of judgment on May 16, 1960, in the sum of $433; and overruled the motion for new trial. Timely notice of appeal was filed, and the appeal perfected. We heard the case during our December docket.

The appellant raises five points: (1) that the claim of the respondent fails to state a claim upon which relief can be granted, because plaintiff's "Exhibit A" attached thereto is an integral and necessary part of the pleading and the exhibit is illegible, indecipherable, and cannot be read by one not familiar with the handwriting of the deceased and not an expert on handwriting, (2) that the trial court prejudicially erred in its declaration of law because Exhibit A is illegible; (3) that because that exhibit is illegible the trial court prejudicially erred in admitting it into evidence; (4) that there can be no recovery on the exhibit as a note because it is not an unconditional promise to pay, nor can there be any recovery on the exhibit as a contract because the phrase "for value received" does not import consideration under the facts of this case and respondent adduced no evidence of any consideration; and (5) that the respondent pleaded and tried the case on the theory of a promissory note without any amendment, but although the trial court found she failed to prove a promissory note, it gave respondent judgment on another supposed cause of action at law, not pleaded and not asserted by respondent.

■ Our duty in reviewing a jury-waived action at law is well known. We are to review the law and the evidence as in suits of an equitable nature, giving due regard to the trial court's opportunity to judge the credibility of witnesses. We will not set aside the judgment unless it is clearly erroneous, but we are to make our own findings of fact and reach our own

conclusions on the weight of the evidence; Section 510.310 RSMo 1949, V.A.M.S.; Rothweiler v. Callicott, Mo.App., 322 S.W. 2d 151; Harry M. Fine Realty Co. v. Stiers, Mo.App., 326 S.W.2d 392; Missouri Digest, Appeal and Error, ⬤⤳994(3), 1008 (2), 1122(1).

█ Exhibit A is reproduced below: Plaintiff's Exhibit No. 1.

We cannot agree that Exhibit A is illegible. While not clearly written, by any means, it can be read. Some of the words are misspelled, but they can be discerned. The exhibit reads as follows:

"Mrs. Maria Berrel. If at the time of my death you are still alive, I, Joseph Kaiser, I owe you $10,000 Ten Thousand Dollar for value received. St. Louis, April 1, 1957 (Signed), Joseph Kaiser."

It follows that the appellant's first three allegations of error must be ruled adversely to it.

█ The respondent admits in her brief that this instrument is not a note because it is conditional on the respondent (payee) surviving the maker (deceased), but contends that Exhibit A constitutes an enforceable contract under the provisions of Section 431.020 RSMo 1949, V.A.M.S. Before ruling on this point, it is necessary to consider the appellant's contentions with regard to the action of the trial court in awarding judgment to respondent based upon its finding of fact and conclusions of law determining Exhibit A to be an enforceable contract supported by consideration.

The appellant contends that to do so is to award respondent a judgment on another supposed cause of action not pleaded nor asserted by her. The claim was clearly based upon an instrument in writing as the respondent's counsel stated in his opening argument. The fact that counsel also, in the written claim and in opening statement, misnamed that instrument does not operate to bind his client to his incorrect statement. What this instrument really was, its true legal character, is to be determined from its substance and effect, and not from its name. McCafferty v. Clay, Mo.App., 18 S.W.2d 569. The instrument, by photostatic copy, was attached to the claim as filed in the probate court. All the evidence was directed to the instru-

ment. It was the basis of the entire proceeding. The case is actually whatever the pleadings and facts make it, regardless of what name it is given by a party. W. A. Ross Construction Co. v. Chiles, 344 Mo. 1084, 130 S.W.2d 524; Bennett v. Tower Grove Bank & Trust Co., Mo.App., 325 S.W.2d 42, loc. cit. 49.

It is appellant's further contention on this point that having, as respondent admits, defeated the claim on the basis that Exhibit A is a promissory note, that the estate should at least be given the opportunity in a new trial to present its evidence as to lack of consideration and thus defeat the claim on the basis that Exhibit A constitutes an enforceable contract. We cannot agree.

■ In the first place, while no pleadings were required, § 472.250, supra; In re Thomasson's Estate (Bennett v. Boatmen's National Bank), 355 Mo. 274, 196 S.W.2d 155, 170 A.L.R. 1170, the appellant did file an answer. By the allegations of paragraph 3 of the answer, the defense of no consideration was recognized by appellant as available to it. Assuming the respondent's theory of recovery to be on a note as appellant contends, appellant was under an obligation to do more than merely plead the lack of consideration. The burden was on it to show the absence or failure of consideration, Section 401.024 RSMo 1949, V.A.M.S.; Section 401.028 RSMo 1949, V. A.M.S.; Popovsky v. Griwach, 361 Mo. 1120, 238 S.W.2d 363 [1–6]; Missouri Digest, Bills and Notes, ☞493(3). Neither was there any difference in the consideration necessary to support Exhibit A considered as a note, and that instrument considered as a contract. Section 401.025 RSMo 1949, V.A.M.S. defines value as any consideration sufficient to support a simple contract. Since appellant did not offer evidence on the question of lack of consideration during the trial which it claims was on the theory of a note, although it did plead lack of consideration, and such would have been

a defense to respondent's action on that theory, the appellant should not now be allowed a new trial to present evidence on the same question, but considering the instrument as a contract.

■ In the second place, § 510.310, supra, and Supreme Court Rules 3.23, V.A. M.S.[1] requires, with certain exceptions, that allegations of error in order to be preserved for review must be presented in the motion for new trial. See Civil Rule 73.01(d) V.A.M.R. Since the failure of, or want of, consideration is an affirmative defense, whether the instrument is a note, Thompson v. McCune, 333 Mo. 758, 63 S. W.2d 41; Duvall v. Duncan, 341 Mo. 1129, 111 S.W.2d 89; Coleman v. Crescent Insulated Wire & Cable Co., 350 Mo. 781, 168 S.W.2d 1060; Missouri Digest, Bills and Notes, ☞493(3), or whether it is a contract, Smith et al. v. Ohio Millers' Mutual Fire Insurance Co., 330 Mo. 236, 49 S.W. 2d 42, discussed at length later herein, the exceptions set forth in Supreme Court Rule 3.23, supra, do not apply and to preserve the point for our review, it must be contained in the motion for new trial. In this case, the motion for new trial is silent as to such a contention, and accordingly, the point cannot now be raised. Neither do we deem our action called for under Supreme Court Rule 3.27 (Civil Rule 79.04, V.A.M.R.) This assignment of error must be ruled adversely to the appellant.

■ Appellant's final assignment of error submits that the trial court prejudicially erred in allowing respondent a recovery on the exhibit as a contract because the phrase, "for value received", does not import consideration under the facts of this case, and because the respondent failed to prove any consideration. Since there is no evidence of any consideration, the trial court must have based its finding and conclusion of law that Exhibit A is a valid enforceable contract supported by consideration on an application of § 431.020, supra, to this instrument. That section reads:

1. Now V.A.M.R. Civil Rule 79.03.

"431.020. Instrument of writing to import consideration—due and payable as specified. All instruments of writing made and signed by any person or his agent, whereby *he shall promise to pay* to any other, or his order, or unto bearer, any sum of money or property therein mentioned, *shall import a consideration,* and be due and payable as therein specified. (R.S.1939, § 3345). Former revisions 1929, § 2958; 1919, § 2160; 1909, § 2774; 1899, § 894; 1889, § 2389." (Emphasis supplied.)

Is that statute applicable in the instant case? In Locher v. Kuechenmiester, 120 Mo.App. 701, loc. cit. 709, 98 S.W. 92, loc. cit. 94, the wording used was "Due W. H. Locher, seven hundred, thirty-six and 90-100 ($736.90), dollars. Henry Kuechenmiester." It was therein held that the word "Due" imported a promise to pay. In the instant case, the wording was " * * * I, Joseph Kaiser, I owe you $10,000.00 Ten Thousand Dollar * * *." Webster's New International Dictionary defines "due" as "That which is due or owed, debt; specif.: that which one contracts to pay, or do, to or for another; * * *." That same source defines "owe" as "3. To have or be under an obligation to restore, pay, or render (something) in return or compensation for something received; to be indebted in the sum of or to be under obligation to render;" or "5. * * * to be indebted or obliged for; * * *." The words, " * * I, Joseph Kaiser, I owe you * * *" in Exhibit A clearly constitute a promise to pay.

Appellant admits in its brief that while it can " * * * find no Missouri cases specifically holding that 'for value received' imports a consideration, however, such is probably the general rule in the case of a document which is otherwise an enforceable contract." In Gershon v. Ashkanazie, 239 Mo.App. 1012, 199 S.W.2d 38, loc. cit. 46 it was held that this section, then § 3345, R.S.Mo.1939, applies to all contracts in writing whether negotiable or non-negotiable and the court stated:

" * * * If the maker of any such instrument denies the existence of a lawful consideration therefor, the provisions of the foregoing sections of our statute and the judicial interpretations thereof, together *with the recitals in the instruments themselves that they were made for value received,* emphasize the necessity of the maker to establish his claim by a clear preponderance of credible evidence, and his proof must be cogent and convincing." (Emphasis supplied.)

Appellant then argues that this is not an enforceable contract and relies upon Middleton v. Holecroft, Mo.App., 270 S.W.2d 90, loc. cit. 94, wherein the court held the contract must be valid on its ·face before the burden shifts to defendant to prove failure or lack of consideration. The difference between the contract in the instant case and that in Middleton v. Holecroft, supra, is readily apparent. In the instant case, the decedent bound himself unequivocally to do a certain thing upon the happening of a certain condition, whereas in Middleton v. Holecroft, the promissor, as the court said at the place above cited, was not obligated to do anything except such as he might elect to do from time to time. Middleton v. Holecroft, supra, is not decisive nor persuasive under the factual situation presented in this case.

The appellant then urges that since § 431.020, supra, requires "a promise to pay" before the writing will import a consideration, this must mean an unconditional promise to pay, for, it argues, a promise to pay cannot mean one thing under the negotiable instruments law and the law of bills and notes, i. e., an unconditional promise, and another thing under the terms of § 431.020, supra, i. e., a conditional promise. The answer to this contention is that in the case of Wulze v. Schaefer, 37 Mo.App. 551, § 431.020, supra, then § 663, R.S.Mo.1879, was held to

" * * * include all instruments of · writing whereby one person shall prom-

ise to pay another money or property, and it makes no difference whether the promise is conditional or absolute. If the promise is made to depend upon a contingency, then upon the happening of the contingency, the promise becomes absolute."

The conditional nature of the promise does not disqualify it from the application of § 431.020, supra.

The appellant then urges that absent an express recitation of the consideration in the instrument and/or evidence of consideration dehors the face of the instrument, the conditional nature of the promise is not sufficient to import consideration. Insofar as appellant's argument that express recitation of the consideration is necessary is concerned, that argument is without merit. In *Scottish Rite Temple Association of Kansas City v. Lucksinger*, 231 Mo.App. 486, 101 S.W.2d 511, loc.cit. 512 [1], it was held that under this same section of our statutes, then § 2958, R.S.Mo.1929, in the absence of any affirmative proof to the contrary, the law will import a consideration for the promise, even though one be not recited in the writing.

It is true that in *Dillard v. Dillard*, Mo. App., 269 S.W.2d 769, the instrument recited on its face its consideration, and the court also found evidence of consideration from facts dehors the face of the instrument. The same was true in *Missouri Wesleyan College v. Shulte*, 346 Mo. 628, 142 S.W.2d 644, and in other cases on this point. In all of them a careful reading will disclose that the recitation of facts dehors the face of the instrument was used by the courts only as an additional reason to find that the instrument, on its face, imported a consideration. See *Missouri Wesleyan College v. Shulte*, 142 S.W.2d 644, loc. cit. 648, supra. This was the effect of the court's ruling in *Trustees of Christian University v. Hoffman*, 95 Mo.App. 488, loc. cit. 495, 69 S.W. 474, loc. cit. 475 wherein the court recited that the statute imported the consideration, and then said, " * * *

but, apart from the inference of law arising under the above mentioned statute * * *." The matter has been laid to rest in this state by the Supreme Court en Banc in the case of *Smith et al. v. Ohio Millers' Mutual Fire Insurance Co.*, 330 Mo. 236, 49 S.W.2d 42. At local citation page 44, the court recites the common law rule that a party declaring on a contract which at common law did not import a consideration must fully state the consideration and prove it. The court then went on to hold:

"In this state the common-law rule was modified by statute which follows: 'All instruments of writing made and signed by any person or his agent, whereby he shall promise to pay to any other, or his order, or unto bearer, any sum of money or property therein mentioned, shall import a consideration, and be due and payable as therein specified.' Section 2958, R.S.1929.

"On consideration of this statute in *Taylor v. Newman*, 77 Mo. 257, loc. cit. 263, we said: 'If the instrument sued on was a promise of the defendant to pay money or property, although a non-negotiable instrument, the petition would not be defective by reason of the failure to set out a consideration.'

"If plaintiffs are not required to plead the consideration, they are not required to prove it. If they are not required to prove it, the defense is affirmative, and the burden is on defendant to prove failure of consideration.

"And the phrase 'import a consideration' has been defined as follows: 'At common law, negotiable contracts are said to import a consideration; that is, in the absence of evidence on the point, it will be presumed that there was a sufficient consideration; and it is for the party denying the existence of a consideration to show that there was none. *This is true even if no consideration is recited on the face of the instrument, and words such as "value received," are wanting.*' Mc-

Guffin v. Coyle, 16 Okl. 648, 85 P. 954, 86 P. 962, 964, 6 L.R.A.,N.S., 524 (quoting and adopting definition in 1 Page, Cont. § 279). [Emphasis supplied.]

\* \* \* \* \* \*

"Under the statute, all written contracts for the payment of money or property 'import a consideration,' and the burden of proving failure of consideration for such contracts is on defendant. Swift v. Central Union Fire Ins. Co., 279 Mo. 606, loc. cit. 610, 216 S.W. 935; County of Montgomery v. Auchley, 92 Mo. 126, 4 S.W. 425; Maxwell v. Harroun, Mo.App., 180 S.W. 993; Swift v. Central Union Fire Insurance Co., 202 Mo.App. 419, loc. cit. 429, 217 S.W. 1003; Montgomery v. Montgomery, 142 Mo.App. 481, 127 S.W. 118."

It follows that appellant's contention cannot be sustained, and that the burden of proving lack of consideration for the contract must be borne by the appellant, and this the appellant failed to do. The trial court did not err in its conclusion that Exhibit A constitutes a valid enforceable contract supported by consideration.

It should be noted that the appellant never pleaded in his answer that Exhibit A constituted an invalid attempt to make a testamentary disposition, and neither did he raise that point during the trial nor in his motion for new trial, nor upon brief here. Accordingly, we have not ruled that point.

The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed.

ANDERSON, P. J., WOLFE, J., and SAM C. BLAIR, Special Judge, concur.

RUDDY, J., not participating.